**Lela C. GROVE, Appellant (Defendant Below),**

**v.**

**Betty A. THOMAS and Gilbert Thomas, Appellees (Plaintiffs Below).**

**No. 4–1182A341.**

Court of Appeals of Indiana, Fourth District.

March 28, 1983.

Rehearing Denied April 25, 1983.

R. Kent Rowe, Edmond W. Foley, Rowe & Laderer, South Bend, for appellant.

Kelly Leeman, Patrick A. Schuster, Kelly Leeman & Associates, Logansport, for appellees.

YOUNG, Presiding Judge.

Plaintiffs-appellees Betty and Gilbert Thomas filed suit in the Cass Circuit Court against defendant-appellant Lela Grove and defendant Scott See for damages sustained

as a result of separate automobile accidents with each of the defendants. The accidents took place on the same day but at different times and in different counties. The accident with See took place in Fulton County where See resides and the accident with Grove took place in St. Joseph County where Grove resides. The plaintiffs filed suit in Cass County because they both resided there, the damaged automobile was usually kept there, and their medical evidence was available there.

On August 23, 1982, Grove moved to sever these claims as being improperly joined and to transfer the cause brought against her to St. Joseph County where preferred venue would lie pursuant to Ind.Rules of Procedure, Trial Rule 75(A)(3). A similar motion to transfer had been filed by See on July 23, 1982, alleging that Fulton County was the county of preferred venue because that is where his accident with plaintiff had occurred. The trial court denied Grove's motion to transfer and impliedly denied her motion to sever. Grove's interlocutory appeal raises two issues:

1. Whether the trial court erred in determining that Cass County is the county in which preferred venue lies; and

2. Whether the trial court erred in allowing plaintiffs to join in one action claims against both defendants.

We affirm in part and reverse in part.

■ Indiana's venue requirements are set forth in Trial Rule 75. Trial Rule 75 provides generally that "[a]ny case may be venued, commenced and decided in any court in any county" of the state. If the county where the action was filed does not meet preferred venue requirements, however, the court must transfer the case to a county where preferred venue does lie, upon the motion of a party. Trial Rule 75(A), (B). A plaintiff may elect to bring suit in any county meeting the criteria listed in Trial Rule 75(A)(1)–(9), and each such county is a county of preferred venue.[1] Among the counties in which preferred venue lies, no preference is given to one county over another. That is, if the plaintiff brings suit in a county in which preferred venue lies, the defendant may not challenge the venue, except as he may obtain relief under Trial Rules 4.4(C) and 76. 4 W. Harvey & R. Townsend, Indiana Practice 536 (1971). We must therefore determine whether Cass County is a county of preferred venue. If it is a county of preferred venue, the trial court acted properly; if not, the trial court erred in not transferring the case.

The plaintiffs contend that the provisions of Trial Rule 75(A)(2) establish Cass County as a county of preferred venue. Subdivision (2) of Trial Rule 75(A) provides that preferred venue lies in:

[T]he county where the land or some part thereof is located or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper.

The plaintiffs' automobile, a chattel, is regularly located in Cass County. Since the complaint included a claim for damages to the automobile, the plaintiffs argue that Cass County is a county of preferred venue. Grove, on the other hand, contends that subdivision (2) of Trial Rule 75(A) applies "only to actions in rem where the very nature of the proceeding itself results because of the existence of a particular piece of property and where jurisdiction over the defendant attaches or may attach because of some nexus associating him in one way or another with the property involved in the litigation."

---

1. If preferred venue cannot be established in subdivisions (1) through (9) of Trial Rule 75(A), the plaintiff may commence suit in the county in which he resides pursuant to Trial Rule 75(A)(10). However, subdivision (10) is not applicable where the other subdivisions fix venue.

Grove's argument that the history of the venue requirement and the Civil Code Study Commission Comments support her position is not without merit. However, in construing the rule, this court is bound by the cardinal rule of statutory construction that "a statute clear and unambiguous on its face need not and cannot be interpreted by a court." *Economy Oil Corp. v. Indiana Department of State Revenue,* (1974) 162 Ind.App. 658, 663, 321 N.E.2d 215, 218. Trial Rule 75(A)(2) is clear and unambiguous on its face. It makes the county in which chattels are regularly located or kept a county of preferred venue when the complaint includes a claim for injuries to those chattels. While this result may not have been intended by the Civil Code Study Commission, it is mandated by the language of Trial Rule 75(A)(2). The trial judge did not err in denying Grove's motion to transfer the case.

The second issue is whether the trial court erred in allowing the Thomases to proceed against both Grove and See in a consolidated trial. The plaintiffs first contend that joinder of the two claims was proper under Trial Rule 19(A)(1). That provision provides that "[a] person who is subject to service of process shall be joined as a party in the action if in his absence complete relief cannot be accorded among those already present." Their argument continues that because of the proximity in time of the accidents and the similarity of the injuries and their cause it would be very difficult to apportion damages between the two defendants. Thus, they conclude, complete relief cannot be accorded the plaintiffs without joinder of both defendants. We cannot agree that both defendants are needed for just adjudication of this matter. Difficulty in apportioning damages between the two defendants does not mean that complete relief cannot be granted. The plaintiffs have not shown that they will be unable to get all the relief to which they are entitled. They have merely speculated about the possibility of inconsistent verdicts. Such speculation is not sufficient to satisfy the requirements of Trial Rule 19(A). Joinder is not mandatory in this situation.

The plaintiffs further contend that even if joinder was not mandatory under Trial Rule 19, it was permitted under Trial Rule 20. Trial Rule 20(A)(2) provides:

All persons may be joined in one [1] action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of, or arising out of, the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action.

The test for determining whether the two causes of action arose out of the same transaction or occurrence is the logical relationship test. *See Middelkamp v. Hanewich,* (1977) 173 Ind.App. 571, 364 N.E.2d 1024 (discussing the language of Trial Rule 13(A)). There was no logical relationship between the two accidents that gave rise to this litigation. The accidents were totally unrelated and independent of each other; they occurred seven hours apart in different counties. Injury to the same person is not, standing alone, sufficient to satisfy the logical relationship test. The present case must be distinguished from situations where there are joint tortfeasors or where there are independent tortfeasors whose concurrent wrongful acts cause injuries. In those situations permissive joinder may be proper. In the present situation, however, the plaintiffs' right to relief against each defendant does not arise out of "the same transaction, occurrence, or series of transactions or occurrences," and permissive joinder is not appropriate. The trial court erred in allowing the plaintiffs to join claims against both defendants in one action.

Affirmed in part and reversed in part.

CONOVER and MILLER, JJ., concur.