**Bob BURRIS, Defendant-Appellant,**

v.

**Gary L. PORTER, Plaintiff-Appellee.**

**No. 1–185 A 21.**

Court of Appeals of Indiana.

May 21, 1985.

Ronald Warrum, Evansville, for defendant-appellant.

John D. Clouse, Michael C. Keating, Laurie A. Baiden, Evansville, for plaintiff-appellee.

NEAL, Judge.

STATEMENT OF THE CASE

This action is an interlocutory appeal from the Vanderburgh Superior Court judge's denial of defendant Bob Burris' (Burris) motion for preferred venue.

We reverse.

## STATEMENT OF THE FACTS

Gary L. Porter (Porter), the plaintiff, is a resident of Vanderburgh County. Burris is a resident of Sullivan County and a merchant in the business of selling satellite dishes and related equipment. The plaintiff purchased from the defendant a satellite dish and equipment, which was installed by Burris at Porter's residence in Vanderburgh County. On at least one occasion subsequent to the dish's installation, Burris came to Porter's residence to perform a service call. The satellite dish is currently located at plaintiff's residence in Vanderburgh County.

Porter's complaint alleged that problems occurred in the operation of the satellite dish and thus prayed for rescission of the sales contract and return of the purchase price.

In response to the complaint, Burris filed a motion to dismiss or, in the alternative, for preferred venue pursuant to Ind.Rules of Procedure, Trial Rule 75. The trial court overruled defendant's motion for preferred venue and this appeal results.

## DISCUSSION AND DECISION

The sole issue in this appeal is whether the trial court erred in denying Burris' motion for preferred venue. The controversy revolves around the interpretation of the second subsection of T.R. 75:

"(A) *Venue.* Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case. Preferred venue lies in:

(1) the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides; or

(2) the county where the land or some part thereof is located or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper."

Burris argues that subsection (1) is the only section applicable for the determination of preferred venue in the case herein; therefore, the trial court should have ordered the cause transferred to the defendant's county of residence, Sullivan County. Porter, on the other hand, argues that subsection (2) applies because the claim "relates to" such chattels. Both parties agree none of the other subsections in T.R. 75 apply.

We believe Porter's interpretation strains the limits of subsection (2). The recent decision of *Grove v. Thomas,* (1983) Ind. App., 446 N.E.2d 641 discusses this subsection in great detail. In *Grove,* plaintiffs filed suit in Cass Circuit Court for damages sustained as a result of separate automobile accidents with two separate defendants; the accidents took place on the same day but at different times in different counties. *Grove, supra,* at 642. The Thomases filed suit in Cass County because they resided there, the damaged automobile was kept there, and their medical evidence was available there. *Id.* Grove moved, in part,

to transfer the cause to St. Joseph County where she alleged preferred venue would be. Plaintiffs contended that the provisions of T.R. 75(A)(2) established Cass County as a county of preferred venue inasmuch as subsection (2) provides in part that preferred venue lies in:

> "The county where ... the chattels ... are regularly located or kept, if the complaint includes *a claim for injuries to* or relating to ... *such chattels.*" (Our emphasis).

The plaintiffs' car, a chattel, is regularly located in Cass County; further, since the complaint alleged "injury" to the car, Cass County is a county of preferred venue. *Id.*

The Fourth District agreed with this conclusion, stating:

> "Trial Rule 75(A)(2) is clear and unambiguous on its face. It makes the county in which chattels are regularly located or kept a county of preferred venue when the complaint includes a claim for injuries to those chattels. While this result may not have been intended by the Civil Code Study Commission, it is mandated by the language of Trial Rule 75(A)(2). The trial judge did not err in denying Grove's motion to transfer the case."

*Id.* at 643.

Here, the complaint does not allege an "injury" to the satellite dish; instead, it alleges a breach of warranty. We believe T.R. 75(A)(2) requires more than that the claim "relate to" a chattel; the complaint must include a claim for "injuries thereto or relating to" such chattels.

At common law, causes of action arising out of a contract are generally transitory, and in absence of statutes providing otherwise, are ordinarily triable in the county in which the defendant resides. 92 C.J.S. *Venue*, Sec. 9 (1955). However, Burris points out, a statutory rule does govern the county of preferred venue here —T.R. 75(A)(1) provides that preferred venue lies in the county where the defendant resides. That county is Sullivan County.

The trial court erred in overruling Burris' motion for preferred venue. We reverse.

Judgment reversed.

RATLIFF, P.J., and ROBERTSON, J., concur.