**FORD MOTOR COMPANY,**
**Appellant–Defendant,**

v.

**PAOLI ALUMINUM FABRICATING COMPANY, Appellee–Plaintiff.**

**No. 59A01–9008–CV–322.**

Court of Appeals of Indiana, First District.

Dec. 12, 1990.

Ordered Published Jan. 10, 1991.

Kenneth T. Ungar, Ice Miller Donadio & Ryan, Indianapolis, for appellant-defendant.

James C. Tucker, Tucker and Tucker, Paoli, for appellee-plaintiff.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

This action is an interlocutory appeal by Ford Motor Company ("Ford") from the Orange Circuit Court's denial of Ford's motion to transfer for improper venue, pursuant to Ind.Trial Rule 75(A). We reverse and remand.

## FACTS

On November 16, 1989, Paoli Aluminum Fabricating Company ("PAFCO") brought suit in the Orange Circuit Court, seeking relief under the Indiana Lemon Law[1]. PAFCO alleged that a Ford vehicle that it had purchased had nonconformities, and PAFCO demanded a replacement. PAFCO does business and has the alleged defective vehicle in Orange County.

Ford is a foreign corporation with a principal office in Marion County, Indiana. Ford does not have an office in Orange County. On April 18, 1990, Ford filed its motion to transfer for improper venue. The trial court denied Ford's request on July 9, 1990. Ford appeals the trial court's denial under T.R. 75(E).

## ISSUE

The sole issue presented is whether the trial court erred in denying Ford's motion to transfer for improper venue.

## DISCUSSION AND DECISION

■ Ford contends that preferred venue lies in Marion County under T.R. 75(A)(4). Ford argues its motion for change of venue should be granted, because Orange County is an improper venue. PAFCO claimed at the trial level in its response to Ford's motion that PAFCO's suit is properly filed in Orange County pursuant to T.R. 75(A)(2).[2]

■ We addressed this issue previously in *Burris v. Porter* (1985), Ind.App., 477 N.E.2d 879, 881. We held that T.R. 75(A)(2) applies only to a cause of action relating to ownership and possessory interest. *Id.* Following *Burris,* we find that PAFCO's breach of warranty claim does not fall under T.R. 75(A)(2).

■ PAFCO filed its claim in Orange County where it does business and keeps the allegedly defective vehicle. Therefore, PAFCO's filing in Orange County was based upon T.R. 75(A)(10). However, sub-

section (10) applies only when the other nine subsections do not. *Parkison v. TLC Lines, Inc.* (1987), Ind.App., 506 N.E.2d 1105, 1107. Ford maintains its principal office in Marion County. Therefore, Marion County is the preferred venue. *Burris,* 477 N.E.2d at 891; T.R. 75(A)(4). Whereas Ford is the first party to request transfer to a county of preferred venue, the trial court erred in denying Ford's motion. *Id.*

We reverse and remand with instructions for the trial court to grant Ford's motion to transfer. Pursuant to T.R. 75(C), the trial court should order PAFCO to pay Ford's costs of refiling in Marion County and Ford's mileage expenses reasonably incurred in resisting venue.

Reversed and remanded.

BAKER, J., concurs.

SULLIVAN, J., concurs in result with separate opinion.

SULLIVAN, Judge, concurring in result.

The court on this date has ordered publication of a Memorandum Decision heretofore issued December 12, 1990. I now deem it necessary to express in writing and by separate opinion the reasons for my concurrence in result.

The majority opinion couches the issue in terms of a transfer for improper venue. I believe this to be a misnomer. The fact that there may be a preferred venue different from the county of original filing does not mean that the original venue was or is improper. I do agree that in the instant case it was error for the Orange Circuit Court to deny the transfer of venue to Marion County.

I would add one further caveat. While I agree that the party compelled by transfer to refile in a different venue must pay the costs of such refiling, I do not agree that in every transfer the refiling party should be required to pay mileage expenses for the adverse party.

---

1. IND.CODE ANN. § 24–5–13–1 *et seq.* (West 1990).

2. Ford may obtain relief upon showing only prima facie error, because PAFCO has failed to file a brief. *See Stacey–Rand v. J.J. Holman, Inc.* (1988), Ind.App., 527 N.E.2d 726, 727.

Subject to these comments, I concur in the opinion of the majority.