**DIESEL CONSTRUCTION COMPANY, INC., Appellant–Defendant,**

v.

**David W. COTTEN, Appellee–Plaintiff.**

No. 23A01–9401–CV–1.

Court of Appeals of Indiana, First District.

June 7, 1994.

---

Gene R. Leuw, John M. Mead, Klineman, Rose and Wolf, Indianapolis, for appellant.

Richard M. Holmes, Covington, for appellee.

BAKER, Judge.

Today we reconsider the meaning of Ind.Trial Rule 75(A)(2) for the purpose of determining the preferred venue of an alleged breach of a contract to construct a parking lot. Appellant-defendant Diesel Construction Co. brings this interlocutory appeal of right pursuant to Ind.Trial Rule 75(E) and Ind.Appellate Rule 4(B)(5). Diesel contests the denial of its motion to transfer venue of appellee-plaintiff David W. Cotten's breach of contract action from Fountain County to Marion County.

## FACTS

On March 29, 1993, David W. Cotten entered a no-lien contract to construct an asphalt parking lot in Fountain County for Diesel. Cotten completed the parking lot on April 25, 1993. Diesel, whose principal office is in Marion County, issued a check to Cotten on May 25, but stopped payment on June 2. On October 19, 1993, Cotten filed suit in Fountain County asserting breach of contract and nonpayment for landscaping services. Cotten requested damages for the amount due under the contract, the value of his landscaping services, and statutory remedies for the cancelled check. Diesel filed a motion to transfer to Marion County as the preferred venue. Upon the trial court's denial of its motion, Diesel filed this interlocutory appeal.

## DISCUSSION AND DECISION

A plaintiff may file an action in any court in any county in Indiana. T.R. 75(A). If the initial court is not a court of preferred venue, the action may be transferred to a court of preferred venue under the criteria listed in T.R. 75(A)(1)–(9). T.R. 75(B). Diesel contends that under T.R. 75(A)(4), preferred venue lies in Marion County where Diesel's principal office is located. Conversely, Cotten defends that Fountain County is a county of preferred venue under T.R. 75(A)(2). The critical question is whether Cotten's claims satisfy T.R. 75(A)(2), which provides:

Preferred venue lies in:

. . . . .

(2) the county where the land or some part thereof is located or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, including without limitation

claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper.

■ We begin by examining the conflicting decisions interpreting this rule. In 1983, our court stated that T.R. 75(A)(2) is clear and unambiguous on its face. *Grove v. Thomas* (1983), Ind.App., 446 N.E.2d 641, 643. The intervening cases that we consider below demonstrate that the rule is neither clear nor unambiguous.

In *Grove,* an automobile accident occurred in St. Joseph County. *Id.* at 642. Seeking damages for their wrecked car, the plaintiffs filed suit in Cass County where their car was regularly kept. *Id.* The trial court denied the defendant's motion to transfer venue. *Id.* Our court affirmed, finding that because the complaint included a claim for injuries to the chattel, preferred venue lied in Cass County where the chattel was regularly kept. *Id.* at 643.

We next considered the meaning of the rule's provisions in *Burris v. Porter* (1985), Ind.App., 477 N.E.2d 879, 880, where the defendant sold a satellite dish to the plaintiff and installed it at his residence in Vanderburgh County. The plaintiff filed suit in Vanderburgh County to rescind the contract. *Id.* The trial court denied the defendant's motion for preferred venue in Sullivan County where he resided. *Id.* On appeal, this court determined that the plaintiff's action did not allege an injury to the satellite dish, but maintained a breach of warranty. *Id.* at 881. Our court read T.R. 75(A)(2) restrictively and determined that because the complaint did not allege an injury to the chattel, preferred venue was not established in Vanderburgh County where the satellite dish was located. *Id.* The *Burris* court held that the rule "requires more than that the claim 'relate to the chattel;' the complaint must include a claim for 'injuries thereto or relating to' such chattels." *Id.* We have difficulty accepting this statement that requires a more onerous burden to establish venue than the rule mandates. T.R. 75(A)(2) places ven-

ue in the county where the chattel [land] is located if there is a claim for injuries to the chattel [land] *or* if there is a claim relating to the chattel [land]. The examples listed in T.R. 75(A)(2) reflect that claims may be related to the land and not necessarily be for injuries to the land. To the extent that *Burris* holds otherwise, we disagree. *See Burris,* at 881.

The next opportunity to consider the meaning of T.R. 75(A)(2) arose in *Ford Motor Co. v. Paoli Aluminum Fabricating Co.* (1991), Ind.App., 565 N.E.2d 767, where a car buyer sued Ford under the Lemon Law for breach of warranty. The car buyer brought suit in Orange County where the car was kept. The trial court denied Ford's request to transfer venue to Marion County where its principal office in Indiana was located. We narrowed the interpretation yet again and held that "T.R. 75(A)(2) applies only to a cause of action relating to ownership and possessory interests." Although *Ford* relied solely upon *Burris* for this narrowed interpretation, we have perused *Burris* and fail to find any language suggesting this proposition. The *Ford* court reversed the trial court holding that a breach of warranty claim was not a cause of action relating to the ownership and possessory interest of a chattel for purposes of T.R. 75(A)(2).

Finally, in *Storey Oil Co. v. American States Ins. Co.* (1993), Ind.App., 622 N.E.2d 232, the fourth district, without any acknowledgement of these prior decisions, broadly interpreted the provisions of T.R. 75(A)(2), stating: "There is nothing in the rule that limits "claims ... relating to such land" to claims that would only affect any ownership, possessory, or security interests in the land." *Id.* at 235. In *Storey,* the matter regarded an insurance company's responsibility to defend its insured against a lawsuit involving real property. Because the claim related to the land under T.R. 75(A)(2), the *Storey* court found that preferred venue was the county in which the insured's land was located.

■ From our review of the cases, we find that *Storey* is irreconcilable with *Ford* and

*Burris.*[1] Diesel then suggests that we apply our first district cases, *Ford* and *Burris,* imparting that we are not bound by decisions from our other districts. *See* Reply Brief at 1. Contrary to Diesel's misapprehension, the decisions of all five appellate districts are law governing all of Indiana, not just the district from which the decision was issued. Thus, we cannot simply disregard them. As expressed earlier, we are troubled with the reasoning in *Burris* and *Ford*'s unsubstantiated reliance on *Burris.* Because the language of T.R. 75(A)(2) is ambiguous and the case law conflicting, we are well advised to return for guidance to the comments of the 1970 Civil Code Study Commission, the body that drafted the preferred venue rules.

The Commission related the main objectives of the then new rule:

> Subsection (2) permits an action relating to real or chattel property to be brought where the land is located or where the chattels are regularly kept. The intent is to broaden the class of local actions allowing suit to be brought in the county where the land is located.

4 William F. Harvey, *Indiana Practice* 545 (West 1991).[2] In light of the Comments, we reject the holdings of *Ford* and *Burris* and agree with *Storey*'s broad interpretation of T.R. 75(A)(2) that where a complaint alleges a claim related to land, preferred venue lies in the county where the land is located. *Storey,* at 235.

 The question remains—when does a claim relate to the land? The proper test for the trial court to apply to determine whether a claim relates to the land under T.R. 75(A)(2) is whether a sufficient nexus exists between the land and the underlying action. Although the doctrine of *forum non conveniens* does not apply to intrastate venue, the same considerations of the reasonableness of the place of trial and the convenience to the parties and witnesses are inherent in T.R. 75(A)(2). *See Storey,* at 235 (*forum non conveniens* does not apply to intrastate venue). Hence, the nexus test will be affected by such factors as, but not limited to, whether the acts giving rise to liability occurred there, and whether examination of the site may be necessary to resolve the dispute. The trial court's considerations will involve mixed questions of fact and law. Accordingly, the trial court must make a preliminary factual inquiry by means of the complaint.[3]

 In the present case, Cotten seeks to recover money for work performed upon the land in Fountain County. The complaint is inadequate to determine whether Cotten's claims relate to the land under T.R. 75(A)(2). Normally, we would find that the plaintiff failed to meet his burden and grant the defendant's motion to transfer venue. However, because we are clarifying the rule to allay the ·understandable confusion from the case law and announcing a more concrete rule, we remand to the trial court for its further determination. Its determination may be based upon information gathered from supplemental affidavits or a hearing if necessary. If the trial court finds that Cotten's claims concern only a question of debt, the nexus to the land would be too remote to meet T.R. 75(A)(2). However, if the breach of the contract is based upon the quality of work performed on the land, for example, such an issue would provide a sufficient nexus to the land to be "related to the land" for purposes of T.R. 75(A)(2). Because such determination involves questions of fact, deference will be given to the trial court's decision. We reverse the summary denial of Diesel's motion to transfer venue and remand to the

---

1. As the writing judge here, I acknowledge that I concurred in the opinions of *Ford* and *Storey.* Upon further analysis, I believe *Storey* posits the correct interpretation. We also note that one of the judges on this panel, Judge Kirsch, was the trial judge in *Storey.*

2. Historically, venue and jurisdiction questions overlapped such that the venue requirement that actions relating to land be brought in the county where the land was located was held jurisdictional in some cases. 4 Harvey *Indiana Practice*

544–45. Thus, the adoption of the venue rules· broadened venue and permitted some of the same considerations contemplated in forum non conveniens decisions for interstate cases.

3. Because the rule directs the trial court to examine the complaint to determine venue under T.R. 75(A)(2), the plaintiff bears the burden of presenting sufficient information therein to satisfy the venue requirement.

trial court for further proceedings consistent with this opinion.

Reversed and remanded.

NAJAM and KIRSCH, JJ., concur.