HOFFMAN, Judge.
 

 Appellants-plaintiffs Bayless Specialties (Bayless) and David P. Price Excavating (Price Excavating) bring this interlocutory appeal from an order granting appellee-de-fendant Affordable Housing, Inc.’s (A.H.) motion to transfer venue from Montgomery County to St. Joseph County.
 

 The facts relevant to this appeal disclose that Bayless and Price Excavating, both in the business of excavation subcontracting, have their principal places of businesses located in Crawfordsville, Montgomery County, Indiana. A.H. is an Indiana corporation with its principal place of business located in Lakeville, St. Joseph County, Indiana.
 

 Some time in May 1993, A.H. contacted Bayless and Price Excavating as subcontractors to perform excavating work at the home of Juanita Sasser in Montgomery County.
 
 *837
 
 Upon completion of the work and after A.H.’s failure to pay for their services, both Bayless and Price Excavating brought suit against A.H. in the Montgomery Superior Court. After consolidation of the two cases, A.H. filed an Ind. Trial Rule 12(B)(3) motion to dismiss and in the alternative an Ind. Trial Rule 75(A) motion for transfer of venue to St. Joseph County. The trial court granted transfer of venue.
 

 Bayless and Price Excavating claim this was in error. Relying upon Ind.Trial Rule 75(A)(2), they argue by virtue of work being done on land located in Montgomery County, the action should remain there. Citing our holding in
 
 Burris v. Porter
 
 (1985), Ind.App., 477 N.E.2d 879, A.H. contends the only location of preferred venue is St. Joseph County.
 
 See
 
 Ind.Trial Rule 75(A)(4) (preferred venue lies in county where defendant corporation has its principal place of business).
 

 Ind.Trial Rule 75(A) provides that an action may be filed in any Indiana county of preferred venue. T.R. 75(A). If the court in which the action is commenced is not in a county of preferred venue, the case may be transferred to a court of preferred venue meeting the criteria listed in T.R. 75(A)(1)-(9). Ind.Trial Rule 75(B). T.R. 75(A)(2) provides that preferred venue will lie in:
 

 “(2) the county where the land or some part thereof is located or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper....”
 

 The
 
 Burris .case,
 
 addressing T.R. 75(A)(2) in the context of chattels, interpreted the above language to require “more than that the claim ‘relate to the chattel;’ the complaint must include a claim for
 
 ‘injuries
 
 thereto or relating to’ such chattels.”
 
 Burris, 477
 
 N.E.2d at 881. (Emphasis added.) However, the
 
 Burris
 
 holding was recently reconsidered in
 
 Diesel Construction Company, Inc. v. Cotten
 
 (1994), Ind.App., 634 N.E.2d 1351. In
 
 Diesel,
 
 the “injury” requirement of
 
 Burris
 
 and its progeny
 
 [1]
 
 was rejected in favor of a broad interpretation of the rule as set forth in
 
 Storey Oil v. American States Ins.
 
 (1993), Ind.App., 622 N.E.2d 232, 235 (T.R. 75(A)(2) is not limited to claims affecting ownership, possessory, or security interest in land; in action between insurer and insured, preferred venue lies in county where insured’s land which gives rise to insurance claim is located). . 634 N.E.2d at 1354.
 

 In following
 
 Storey,
 
 the
 
 Diesel
 
 Court interpreted the above language of T.R. 75(A)(2) to mean preferred venue lies in a county where the “chattel [land] is located if there is a claim relating to the chattel [land]
 
 or
 
 if there is a claim relating to the chattel [land].” (Emphasis original.) 634 N.E.2d at 1353. The
 
 Diesel
 
 Court found the proper test to determine whether a claim relates to land under T.R. 75(A)(2), is whether there exists a sufficient nexus between the land and the underlying dispute. 634 N.E.2d at 1354. Without limitation, two factors considered to affect the nexus test were “whether the acts giving rise to liability occurred there, and whether examination of the site may be necessary to resolve the dispute.” 634 N.E.2d at 1354. However, the
 
 Diesel
 
 Court stated, “[I]f [the] claims concern only a question of debt, the nexus to the land would be too remote to meet T.R. 75(A)(2).” 634 N.E.2d at 1354.
 

 Here, both the complaints of Bayless and Price Excavating were entitled, “complaint on account stated.” 634 N.E.2d at 1354-55. They both alleged “[t]hat [A.H.] ... failed and refused and continues to refuse to pay for ... services and is thereby indebted ...” to plaintiffs. Their claims being mere requests for repayment of debts, T.R. 75(A)(2) does not apply to make Montgomery County a county of preferred venue. Preferred venue instead lies in St. Joseph County pursuant
 
 *838
 
 to T.R. 75(A)(4). The trial court properly granted A.H.’s motion to transfer venue. There being no error, the decision of the trial court is affirmed.
 

 Affirmed.
 

 STATON and ROBERTSON, JJ., concur.
 

 [1]
 

 . Also specifically rejected by the
 
 Diesel
 
 Court were
 
 Grove v. Thomas
 
 (1983), Ind.App., 446 N.E.2d 641, 643, relied upon by the
 
 Burris
 
 Court for its holding, and
 
 Ford Motor Co. v. Paoli Aluminum
 
 (1990), Ind.App., 565 N.E.2d 767.