ATTORNEYS FOR APPELLANT
Michael B. Langford
A. Jack Finklea
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES
Kenneth J. Allen
Michael T. Terwilliger
William Lazarus
Valparaiso, Indiana

# In the
# Indiana Supreme Court

No. 64S05-0601-CV-23

R & D TRANSPORT, INC.,

*Appellant (Defendant below)*,

v.

A.H., a minor, and SARAH RICHARDSON,
Individually and as parent and natural guardian
of A.H.,

*Appellees (Plaintiffs below)*.

Appeal from the Porter Superior Court, No. 64D05-0408-CT-7012
The Honorable Raymond D. Kickbush, Special Judge

On Petition to Transfer from the Indiana Court of Appeals, No. 64A05-0502-CV-95

**December 28, 2006**

**Sullivan, Justice.**

Our Trial Rule 75(A) gives preference to certain counties as the place for a lawsuit to proceed. In this case, the trial court and the Court of Appeals held that because some personal property (orthotic devices and clothing) belonging to a victim of a motor vehicle accident had been damaged, the victim's home county (the place where the personal property was regularly

kept) enjoyed this preferential status. This was an incorrect interpretation of the trial rule and we accordingly reverse the decision of the trial court and the Court of Appeals.

## Background

While driving a tractor-trailer owned by R & D Transport, Joseph Hazel had an accident with a vehicle in which A.H. was a passenger. The accident occurred in Dearborn County. Hazel's residence and R & D Transport's principal place of business are in Hendricks County. A.H. resides in Porter County.

Sarah Richardson, individually and as mother and guardian of A.H., filed a lawsuit in Porter County against Hazel and R & D Transport. The lawsuit sought damages for personal, physical, and psychological injuries and for the destruction and loss of A.H.'s "orthotic devices, clothing, and other chattels regularly located in Porter County." App. at 60. Hazel and R & D Transport sought to have the case transferred to either Hendricks County or Dearborn County. The trial court denied the motion. In an unpublished memorandum opinion, the Court of Appeals affirmed. R & D Transport v. A.H., No. 64A05-0502-CV-95, slip op., 835 N.E.2d 232 (Ind. Ct. App. 2005) (table). R & D Transport sought, and we granted, transfer. R & D Transport v. A.H., 855 N.E.2d 996 (Ind. 2006) (table).

## Discussion

This is a case about "venue," a term which refers to "[t]he proper or a possible place for a lawsuit to proceed . . . ." Black's Law Dictionary 1591 (8th ed. 2004). We are asked to decide whether Porter County was the proper or a possible place for this lawsuit to proceed or whether the trial court should have transferred venue to Hendricks County or Dearborn County.

The rules for the possible and proper places for lawsuits to proceed in Indiana are set forth in this Court's Trial Rule 75(A). For purposes of this case, these rules can be summarized as follows:

2

- First, in general, any lawsuit may proceed in any county but certain counties are granted "preferred venue" status under the Rule. Ind. Trial Rule 75(A).

- Second, if a lawsuit is filed in a county that is not a county of preferred venue, the case can be transferred to a county that has preferred venue. Id.

- Third, if a lawsuit is filed in a county that is a county of preferred venue, the case cannot be transferred to another county, even if that other county is also a county of preferred venue. Meridian Mut. Ins. Co. v. Harter, 671 N.E.2d 861, 863 (Ind. 1996).

As noted under the first point supra, T.R. 75(A) confers "preferred venue" status on certain counties, depending on the facts and circumstances of the case. For purposes of this case, T.R. 75(A) arguably confers preferred status on counties described in subsections (1), (2), (3), and (4) of T.R. 75(A):

(1)    the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides; or

(2)    the county where the land or some part thereof is located or the chattels[1] or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper; or

(3)    the county where the accident or collision occurred, if the complaint includes a claim for injuries relating to the operation of a motor vehicle or a vehicle on railroad, street or interurban tracks; or

(4)    the county where either the principal office of a defendant organization is located or the office or agency of a defendant organization or individual

---

[1] "Chattel" is a venerable legal term defined as "[m]ovable or transferable property; personal property; esp[ecially], a physical object capable of manual delivery and not the subject matter of real property." Black's Law Dictionary 251 (8th ed. 2004).

to which the claim relates or out of which the claim arose is located, if one or more such organizations or individuals are included as defendants in the complaint[.]

The plaintiffs' argument is that because, as noted supra, A.H. suffered in the accident the destruction and loss of "orthotic devices, clothing, and other chattels" and those chattels were "regularly located" in Porter County, Porter County is a county of preferred venue under the literal reading of subsection (2).

The defendants' response is that the clear purpose and spirit of Rule 75(A) taken as a whole is that incidental damage to chattels in a motor vehicle accident is not enough to create preferred venue under subsection (2); rather, Dearborn County is a county of preferred venue under subsection (3) because that is "the county where the accident or collision occurred" and Hendricks County is a county of preferred venue under subsection (4) because that is the county where "the principal office" of R & D Transport is located.[2]

This precise question has been addressed several times by the Court of Appeals in decisions that have reached the same result as that advanced by plaintiffs here.[3] However, this Court has never spoken on this aspect of our venue rule.

Two previous cases interpreting T.R. 75(A)(2) have had comparable fact patterns to this case. In Swift v. Pirnat, the plaintiff suffered injuries in an automobile accident in Vanderburgh County. Damaged in the accident was plaintiff's "Sony 4-channel court tape recorder" that she used in her business in Vigo County, her home county. Swift, 828 N.E.2d at 446. The Court of Appeals held that T.R. 75(A)(2) conferred preferred venue status on Vigo County. Id. at 448-49.

Similarly, the plaintiffs in Halsey v. Smeltzer were involved in an automobile accident in

[2] Hendricks County is also the county where Hazel, the sole "individual defendant[] included in the complaint[,] resides." However, no argument is advanced that Hendricks County is a county of preferred venue under subsection (1).

[3] See Swift v. Pirnat, 828 N.E.2d 444, 448 (Ind. Ct. App. 2005); Phillips v. Scalf, 778 N.E.2d 480, 483-84 (Ind. Ct. App. 2002); Halsey v. Smeltzer, 722 N.E.2d 871, 874 (Ind. Ct. App. 2000), trans. denied, 735 N.E.2d 237 (Ind. 2000); Banjo Corp. v. Pembor, 715 N.E.2d 430, 432 (Ind. Ct. App. 1999); Grove v. Thomas, 446 N.E.2d 641, 642-43 (Ind. Ct. App. 1983), trans. denied.

4

Noble County. In addition to personal injuries suffered by one of the plaintiffs, certain clothing items, books, cassette tapes, children's books, and two car seats were damaged. Halsey, 722 N.E.2d at 872. The Court of Appeals held (over the dissent of Judge Staton) that T.R. 75(A) allowed for a case to be brought in Elkhart County, the plaintiffs' home county. Id. at 873-74.

The language and structure of T.R. 75(A) dictate that these cases were wrongly decided. We say this for three reasons.

First, the focus of T.R. 75(A)(2) is the location of the property or activity that gives rise to a claim. Trial Rule 75(A)(2) was adopted in 1970 as part of a broader proposal by the Indiana Civil Code Study Commission to end confusion that had arisen under prior law over how to untangle questions of venue and jurisdiction. 1970 Civil Code Study Commission Comments, reprinted in 4A William F. Harvey, Indiana Practice 141 (3d ed. 2003). The analog of Trial Rule 75(A)(2) in prior law covered actions concerning only real property:

> Actions for the following causes must be commenced in the county in which the subject of the action, or some part thereof, is situated:
> First. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property.
> Second. For the partition of real property.
> Third. For the foreclosure of a mortgage of real property.

Burns Ind. Stat. Ann. § 2-701 (Bobbs-Merrill 1967 Replacement). Broadly categorized, the cases covered by section 2-701 were actions "in rem." Actions in rem "[i]nvolv[e] or determin[e] the status of a thing, and therefore the rights of persons generally with respect to that thing." Black's Law Dictionary 809 (8th ed. 2004).

The new rule preserved this in rem emphasis but also added language that gives rise to the issue in this case. This new language provided that a county where "chattels or some part thereof are regularly located or kept" would be a county of preferred venue in addition to a county where "land or some part thereof is located." T.R. 75(A)(2); Harvey, supra, at 141-42. The "intent [wa]s to broaden the class of local actions allowing suit to be brought in the county where the land is located." Harvey, supra, at 141 (emphasis added). The rule itself lists sample

5

types of claims that a complaint may encompass, examples that clearly demonstrate that the new rule retained focus on in rem actions:

> [I]njuries [to the land or chattels] or relating to such land or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert <u>any matters for which in rem relief is or would be proper</u>[.]

T.R. 75(A)(2) (emphasis added).

The Commission explained the addition of "chattels" to real property as follows: "the provision . . . is new, but can be justified to the extent that the location of personal property often is more significant than real property." Harvey, <u>supra</u>, at 142. Thus, the addition of chattels to T.R. 75(A)(2) signified a broadened understanding of what kind of property might be important to determining venue, but continued to recognize the significance of real or personal property's <u>location</u> as the most important factor. In the instant case, we see the reason for this distinction. The location where Richardson usually kept her "orthotic devices" played no role in the accident itself or in the claims of the lawsuit she filed. Rather, her claim involved a motor vehicle accident; the location that played the important role was that of the actual collision.

Second, consistent with the rule's stress on the location of the property or activity giving rise to a claim, we have long had special venue rules for motor vehicle accidents. Though T.R. 75(A) codified Indiana's venue approach to such accidents, pre-1970 law contained special reference to them as well. For example, former section 2-707 contained this rule:

> [A]ny action brought against the owner, driver or operator of any motor vehicle arising out of and by reason of the operation, management and control of such motor vehicle may be brought in the county where the action arose or in the county of residence of any of the defendants against whom the action is brought.

§ 2-707. The earlier rule put preferred venue for motor vehicle accidents either in the county where the accident occurred or in a county where the defendants resided. The current T.R. 75(A) retains these options, though it separates them between subsections (1), (3), and (4). Subsection (3), as set forth <u>supra</u>, provides that preferred venue is in "the county where the accident

6

or collision occurred, if the complaint includes a claim for injuries relating to the operation of a motor vehicle or a vehicle on railroad, street or interurban tracks." This motor-vehicle-specific rule maintains the approach of the prior rule that gave preferred venue status to the location of motor accidents. (We enforced this principle in favor of the plaintiff against an insurance company defendant in Meridian Mutual Insurance Co., 671 N.E.2d at 863.)

Third, we note the rule's language about the relationship between plaintiffs and venue. Subsection (10) of the rule allows for the plaintiff's home county to be a preferred venue if "the case is not subject to the requirements of subsections (1) through (9) of [T.R. 75(A)] or if all the defendants are nonresident individuals or nonresident organizations without a principal office in the state."[4] See also Am. Family Ins. Co. v. Ford Motor Co., 857 N.E.2d 971, 977 (Ind. 2006) (holding that, according to the rule's text, T.R. 75(A)(10) establishes preferred venue under two separate circumstances). This rule highlights another purpose behind the new version of T.R. 75: "to allow an action to be brought in any court in the state, subject to the right of an objecting party to transfer the case to a proper county or court as provided by this rule." Harvey, supra, at 141. The plaintiff may make the first choice of venue in a case, but the defendant may choose another venue if the plaintiff has not chosen a venue listed in subsections (1) through (9). A defendant is required to remain in the plaintiff's home county (if that is where the plaintiff initially files suit) only if the defendant is not a resident of Indiana.[5]

The text of subsection (10) suggests that, in most cases, the plaintiff's home county has secondary status when it comes to preferred venue. We decline to allow T.R. 75(A)(2) to serve as the means to bypass the clear intent of the rule's overall text. Most people "regularly ke[ep]" their car and other chattels that travel with them in their cars in their home counties. The preferences expressed by subsections (1), (3), (4), and (10) are easily defeated by the broad interpretation of subsection (2) given by the Court of Appeals. Subsections (1), (3), (4), and (10) may not be so readily avoided, although we do emphasize, as discussed supra and as noted in the Commission's comments, that the preferred venue subsections work in concert. See Harvey, supra, at

---

[4] The former code had a similar provision that applied specifically to nonresident motorists. § 2-709.

[5] Subsection (5), which is not at issue in this case, is the exception: if at least one of the defendants is a governmental organization, the plaintiff may also file in the plaintiff's home county. T.R. 75(A)(5).

142 (elaborating on the meaning of subsection (3), "a plaintiff can bring suit in his county against a nonresident as provided by subsection (10) . . . to the extent that action against a non-resident motorist could be brought in the county of the plaintiff's residence").

The decisions of the Court of Appeals in <u>Swift v. Pirnat</u>, <u>Halsey v. Smeltzer</u>, and their companions are contrary to the intent of T.R. 75(A) and are disapproved. They fail to recognize the point made by Judge Staton in his <u>Halsey</u> dissent: that damage caused to chattels in an automobile accident is subsumed by T.R. 75(A)(3), not authorized under T.R. 75(A)(2) as a way for a plaintiff to be able to sue in the plaintiff's county of residence. <u>Halsey</u>, 722 N.E.2d at 874.

## Conclusion

For the reasons discussed <u>supra</u>, Porter County is not a county of preferred venue and the trial court erred in not granting defendant's motion to transfer the case to a county of preferred venue. We reverse the decision of the trial court.

Shepard, C.J., and Boehm, J., concur. Dickson, J., dissents with separate opinion in which Rucker, J., concurs.

8

**Dickson, Justice, dissenting.**

With today's decision, the majority reinterprets the clear language of this Court's rule in a manner contrary to thirty years of appellate precedent and established custom and practice of Indiana judges and lawyers. Such a major shift of policy, if warranted, should be undertaken by the rule amendment process, not by a judicial opinion in a single case.

The rule subsection at issue, Indiana Trial Rule 75(A)(2), expressly confers "preferred venue" status upon:

> (2) the county where the land or some part thereof is located *or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto* or relating to such land or such chattels, including *without limitation claims* for recovery or possession or *for injuries*, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper, . . . .

*Id.* (emphasis added). The majority is correct to note the subsection's application to *in rem* actions, but today's decision appears to nullify the above-emphasized language of the subsection. By its express language, subsection (A)(2) is not restricted to *in rem* actions, but confers preferred venue status, *without limitation*, whenever a complaint even *includes* a claim for injuries to chattels.

By holding that the preferred venue status of the county where the plaintiff's damaged chattels are regularly located is to be ignored and by ordering the venue of this case transferred to the county where the accident occurred, the Court's decision today is contrary to Indiana Trial Rule 75(A) and represents a significant and unwarranted departure from clear precedent of this court and from long-standing case law from the Court of Appeals.

An uninterrupted line of cases has consistently held, as we did in Meridian Mut. Ins. Co. v. Harter, 671 N.E.2d 861 (Ind. 1996), that:

> Ind. Trial Rule 75(A) provides that an action may be filed in any county of preferred venue. Only if the court in which the action is commenced is not a county of preferred venue, may the case be transferred to a court of preferred venue meeting the criteria listed in T.R. 75(A)(1)-(9). If plaintiffs properly file[] their complaint in a county of preferred venue, the trial court ha[s] no authority to transfer the case to a different county on pre-

ferred venue grounds.

*Id.* at 863.[1]  This means simply that the criteria for preferred venue provided by Rule 75(A) are of equal priority, with no hierarchy of preference among them.

Today's decision imposes a new and contrary approach, giving unprecedented preference for the county where the accident occurred under 75(A)(3) over the regular location of the chattel claimed to have been damaged under 75(A)(2).  Without exception, numerous cases have held that an action in part embracing a claim for injury to a chattel may be maintained—under the clear and unambiguous language of Rule 75(A)(2)—in a county where the chattel is regularly located, expressly rejecting attempts to change venue to the county where the accident or tort occurred.  Swift v. Pirnat, 828 N.E.2d 444, 448-49 (Ind. Ct. App. 2005) (venue based on damage to tape recorder kept in vehicle at time of collision), *trans. not sought*; Phillips v. Scalf, 778 N.E.2d 480, 483 (Ind. Ct. App. 2002) (venue based on location of intangible chattel right of publicity used elsewhere for commercial purposes), *trans. not sought*; Halsey v. Smeltzer, 722 N.E.2d 871, 873-74 (Ind. Ct. App. 2000) (venue based on damage to clothing, books, and cassette tapes in vehicle at time of collision), *trans. denied*; Banjo Corp. v. Pembor, 715 N.E.2d 430, 432 (Ind. Ct. App. 1999) (venue based on damage to clothing and equipment damaged when a herbicide valve malfunctioned), *trans. not sought*; Grove v. Thomas, 446 N.E.2d 641, 642-43 (Ind. Ct. App. 1983) (venue based on regular location of automobile damaged in collision), *trans. denied*.

A substantive rule change, especially one of the magnitude implemented by today's majority opinion, should not be undertaken in a single case opinion.  To the contrary, Indiana Trial Rule 80 specifies the procedure for amending our trial rules, which involves seeking the recommendation of the Supreme Court Committee on Rules of Practice and Procedure after comment from the bench, bar, and public.  Trial Rule 80(D) directs that this procedure "shall be followed" except "in case of an emergency or as otherwise directed by the Supreme Court."  *Id.*  In my

---

[1] *Accord* Monroe Guar. Ins. Co. v. Berrier, 827 N.E.2d 158, 161 (Ind. Ct. App. 2005), *trans. denied*; Bostic v. House of James, Inc., 784 N.E.2d 509, 511 (Ind. Ct. App. 2003), *trans. denied*; Halsey v. Smeltzer, 722 N.E.2d 871, 873-74 (Ind. Ct. App. 2000), *trans. denied*; Shelton v. Wick, 715 N.E.2d 890, 893 (Ind. Ct. App. 1999), *trans. denied*; Banjo Corp. v. Pembor, 715 N.E.2d 430, 431 (Ind. Ct. App. 1999), *trans. not sought*; Pratt v. Pierce, 713 N.E.2d 312, 315 (Ind. Ct. App. 1999), *trans. not sought*; Humphrey v. Christopher, 692 N.E.2d 932, 934 (Ind. Ct. App. 1998), *trans. not sought*; Hootman v. Fin. Ctr. Fed. Credit Union, 462 N.E.2d 1064, 1066 n.5 (Ind. Ct. App. 1984), *trans. not sought*; Bd. of Comm'rs of Cass County v. Nevitt, 448 N.E.2d 333, 343 (Ind. Ct. App. 1983), *trans. denied*.

view, an emergency does not exist, and it is unwarranted and unwise for this Court to "otherwise direct" that the express language and consistent long-standing precedent interpreting Trial Rule 75(A) be modified by opinion in this individual case.

For these reasons, I respectfully dissent.

Rucker, J., concurs.

11