SURFWARE, INC., Jay Schaumberg, and Online Resources, Inc., Appellants–Defendants,

v.

ALLIED SPECIALTY PRECISION, INC., Appellee–Plaintiff.

No. 71A03–0706–CV–271.

Court of Appeals of Indiana.

Nov. 30, 2007.

John B. Drummy, Pfenne P. Cantrell, Eric D. Johnson, Kightlinger & Gray, LLP, Indianapolis, IN, Scott Cockrum, Hinshaw & Culbertson LLP, Schererville, IN, Kurt R. Homann, Collier Homann & Siamas, Crawfordsville, IN, Attorneys for Appellants.

Robert J. Palmer, Christopher R. Putt, Trevor Q. Gasper, May Oberfell Lorber, Mishawaka, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge.

### STATEMENT OF THE CASE

Appellants–Defendants, Surfware, Inc. (Surfware), Jay Schaumberg (Schaumberg), and Online Resources, Inc. (Online Resources) (collectively, the Appellants), appeal the trial court's denial of their Motion to Dismiss or in the Alternative to Transfer venue from St. Joseph County to Boone County.

We affirm.

### ISSUE

The Appellants raise one issue on interlocutory appeal: Whether the trial court properly denied the Appellants' Motion to Dismiss or in the Alternative Transfer by finding that St. Joseph County constituted a county of preferred venue pursuant to Ind. Trial Rule 75(A)(2).

### FACTS AND PROCEDURAL HISTORY

Allied Specialty Precision, Inc. (Allied) is an Indiana corporation with its principal place of business in St. Joseph County, Indiana. Surfware is a California corporation with its principal place of business in Westlake Village, California. Online Resources is an Indiana corporation with its principal place of business in Boone County, Indiana. Schaumberg is the president of Online Resources and his residence is in Boone County, Indiana.

In October 2004, Online Resources issued a quote to Allied for the purchase of certain software licenses, software drivers (which allow the software to operate), maintenance plans, and training sessions for instruction on how to use the software. The software is contained on CD–ROM discs and can only be accessed by a USB key. Allied accepted the quoted price, and paid Online Resources for the aforementioned products and services.

Thereafter, Schaumberg traveled to Allied's facility in St. Joseph County to install the software and train Allied employees how to use the software. However, Schaumberg was unable to properly install the software. When Schaumberg left, Allied was given the impression he would return to update the software and train Allied's employees. Except, Schaumberg never returned to Allied.

On November 9, 2006, Allied filed a Complaint against the Appellants in St. Joseph County alleging: breach of contract, breach of express warranty, breach of implied warranty of merchantability, breach of warranty for fitness with particular purpose, and fraud. On December 11, 2006, the Appellants filed a Motion to Dismiss or in the Alternative to Transfer the cause to a county of preferred venue, specifically, Boone County. On May 10, 2006, after a hearing the trial court denied the Appellants' Motion concluding, in relevant part:

5. The [c]ourt finds that the products (CD ROMS containing the software licensed to [Allied], USB keys necessary to operate the software and the post-processor) are chattels; that [Allied] claims damages directly relating to these chattels; that the chattels are regularly kept in St. Joseph County, Indiana, and that the alleged damages occurred in St. Joseph County, Indiana.

6. The [c]ourt concludes that this case is distinguishable from the result in *R & D Transport, Inc. v. A.H.*, 859 N.E.2d 332 (Ind.2006). In fact, by analogy to automobile accident cases, St. Joseph County is the county in which the "accident" and the resulting damages occurred. Therefore, consistent with principles set forth in *R & D [Transport*, Allied] has sought to litigate its claim for damages in the county in which the chattel was delivered, used, allegedly failed in its intended purpose, and in which the resulting damages occurred.

7. As a matter of public policy, any business that decides to sell its products outside of the county in which its principal office is located, and thereby chooses to do business elsewhere, should be required to address claims relating to those products in those counties rather than require the consumer to travel considerable distances to pursue their claims.

\* \* \*

(Appellant's App. p. 6).

The Appellants now appeal. Additional facts will be provided as necessary.

### DISCUSSION AND DECISION

The Appellants aver the trial court incorrectly concluded that St. Joseph County is a preferred venue pursuant to T.R. 75(A)(2). Specifically, the Appellants argue the geographic location of the chattel is not the controlling factor in determining venue under T.R. 75(A)(2), and therefore basing venue on the location of the chattels would undermine T.R. 75(A)(1), (3), (4), and (10).

 When reviewing a trial court's ruling on a motion under T.R. 75(A) our court employs a clearly erroneous standard and rulings of law are reviewed *de novo*. *American Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973 (Ind.2006). If factual determinations are based on a paper record, they are also determined *de novo*. *Id.* T.R. 75(A) addresses venue, "a term which refers to '[t]he proper or possible place for a lawsuit to proceed....'" *R & D Transport, Inc. v. A.H.*, 859 N.E.2d 332, 332 (Ind.2006) (quoting *Black's Law Dictionary* 1591 (8th ed.2004)).

Trial Rule 75 ... contains ten subsections, each setting forth criteria establishing "preferred" venue. A case or complaint may be filed in any county in Indiana, but if the complaint is not filed in a preferred venue, the court is required to transfer the case to a preferred venue upon the proper request from a party. The rule does not create

a priority among the subsections establishing preferred venue. If the complaint is filed in a county of preferred venue, then the trial court has no authority to transfer the case based solely on preferred venue in one or more other counties.

*American Family,* 857 N.E.2d at 973–74 (internal citations omitted). However, our supreme court also stated in *R & D Transport,* that T.R. 75(A)(2) was not meant to "serve as the means to bypass the clear intent of the rule's overall text." *R & D Transport,* 859 N.E.2d at 336.

■ T.R. 75(A)(2) states, in pertinent part:

> Preferred venue lies in the county where ... the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to ... such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which [*in rem*] relief is or would be proper.

Thus, in order to establish whether a county is a county of preferred venue, "we must determine if ... the chattel 'or some part thereof' is 'regularly located or kept' in [the c]ounty, and [ ] the complaint 'includes a claim for injuries thereto or relating to' the chattel." *Bostic v. House of James, Inc.,* 784 N.E.2d 509, 512 (Ind.Ct. App.2003), *trans. denied.*

Here, whether or not the items purchased by Allied are chattels is not raised as an issue. " 'Chattel' is a venerable term defined as 'movable or transferable prop-

erty; personal property; esp[ecially], a physical object capable of manual delivery and not the subject matter of real property.' " *R & D Transport,* 859 N.E.2d at 333 n. 1 (quoting *Black's Law Dictionary* 251 (8th ed.2004)). There is also no question the chattels are regularly kept in St. Joseph County, as the chattels are necessary for the operation of the software Allied purchased from Online Resources. The issue is whether or how the rule created by our supreme court in *R & D Transport,* with respect to the incidental damage to chattels in a motor vehicle accident, can be analogized to the instant case.

In *R & D Transport,* a motor vehicle accident occurred in Dearborn County. The driver of one of the vehicles was from Hendricks County. The driver was driving a work vehicle, of which the principal place of business was also located in Hendricks County. The damaged chattel—"orthotic devices, clothing, and other chattel"—(and issue of the lawsuit) was regularly located in Porter County, which is the county where the lawsuit was filed. *R & D Transport,* 859 N.E.2d at 332. Our supreme court held that "damage caused to chattels in an automobile accident is subsumed by T.R. 75(A)(3),[1] not authorized under T.R. 75(A)(2) as a way for a plaintiff to be able to sue in the plaintiff's county of residence." *R & D Transport,* 859 N.E.2d at 337 (quoting *Halsey v. Smeltzer,* 722 N.E.2d 871, 874 (Ind.Ct.App.2000), *trans. denied* (Staton, J., dissenting)). The practical effect being that if the location where the chattel is usually kept plays no role in the accident itself, then that location does not constitute preferred venue under T.R. 75(A)(2).

---

1. T.R. 75(A)(3) states:
 Preferred venue lies in the county where the accident or collision occurred, if the complaint includes a claim for injuries re-

lating to the operation of a motor vehicle or a vehicle on railroad, street or interurban tracks.

See *R & D Transport*, 859 N.E.2d at 335. We find the instant case distinguishable from *R & D Transport*.

■ The "accident" in the instant case occurred in St. Joseph County, *i.e.*, the Appellants never returned to St. Joseph County to properly install the software or train Allied's employees to use the software. Allied argues that both St. Joseph and Boone counties are counties of preferred venue, contrary to the Appellants' claim that Boone County is the only county of preferred venue. We acknowledge "that there may be more than one county of preferred venue in a given lawsuit." *Meridian Mut. Ins. Co. v. Harter*, 671 N.E.2d 861, 862 (Ind.1996). Furthermore, we acknowledge that if a lawsuit is filed in a county that is a county of preferred venue, the case cannot be transferred to a county that has preferred venue. *Id.* at 863. Here, we find that there are two counties of preferred venue, and that the lawsuit was filed in a county with preferred venue; thus the case cannot be transferred. There is no dispute that Boone County is a county of preferred venue pursuant to T.R. 75(A)(1) since Schaumberg resides in Boone County, Indiana. Additionally, Boone County is a county of preferred venue pursuant to T.R. 75(A)(4) because Online Resources is an Indiana corporation with its principal place of business in Boone County, Indiana. However, in contravention to the Appellants' argument, we also find St. Joseph County is a county of preferred venue pursuant to T.R. 75(A)(2) for two reasons.

First, *R & D Transport* deals specifically with incidental damage to chattel in a motor vehicle accident. The court in *R & D Transport*, declining to address circumstances which may arise outside the motor vehicle accident arena, found that in a motor vehicle accident, the deciding factor in determining preferred venue is not the regular location of the chattel, but the importance its location played in the accident. *See R & D Transport*, 859 N.E.2d at 335. This case does not involve a motor vehicle accident. However, if the test can be applied to non-motor vehicle cases, St. Joseph County would qualify as a county of preferred venue because the accident occurred in St. Joseph county due to the chattel being located there.

The Appellants argue the location of the chattel is not significant to Allied's complaints though because, as they claim, regardless of where in the State Allied conducted business the software would not have functioned properly; thus, any county where Allied attempted to implement the software would be a county of preferred venue. Except, it is not necessary to expand our review to such an extent.

The Appellants knew Allied was located in St. Joseph County. Schaumberg traveled to St. Joseph County to install the software and when he was unable to properly install the software, he never returned to update the software and train Allied's employees. Allied did not try to use the software in a third county and file in St. Joseph County claiming it is a county of preferred venue, or keep the software in a third county and file its lawsuit there. Rather, as the trial court notes, "by analogy to automobile accident cases, St. Joseph County is the county in which the 'accident' and the resulting damages occurred." (Appellant's Br. p. 12). Thus, pursuant to *R & D Transport*, St. Joseph County is a county of preferred venue.

Second, although the Appellants rely on *Burris v. Porter*, 477 N.E.2d 879 (Ind.Ct. App.1985), as a case directly on point with this case, our research reveals *Burris* has been expressly rejected by this court. *Burris* interpreted T.R. 75(A)(2) to require "more than that the claim 'relate to the chattel;' the complaint must include a claim for 'injuries thereto or relating to' such

chattels." *Burris,* 477 N.E.2d at 881. However, *Diesel Const. Co., Inc. v. Cotten,* 634 N.E.2d 1351, 1353 (Ind.Ct.App.1994), expressly rejected *Burris* finding it "requires a more onerous burden to establish venue than the rule mandates." *See also Bayless Specialties v. Affordable Housing, Inc.,* 637 N.E.2d 840 (Ind.Ct.App.1994). *Diesel* rejected the "injury" requirement in *Burris* in favor of a broad interpretation of the rule as set forth in *Storey Oil v. American States Ins.,* 622 N.E.2d 232 (Ind.Ct. App.1993). In following *Storey,* the *Diesel* court maintained "T.R. 75(A)(2) places venue in the county where the chattel [ ] is located if there is a claim for *injuries* to the chattel [ ] *or* if there is a *claim* relating to the chattel [ ]." (Emphasis added.) *Diesel,* 634 N.E.2d at 1353. Additionally, because Burris was not addressed in *R & D Transport,* or any other subsequent case, we must assume our supreme court did not intend to reinstate the *Burris* court's interpretation and application of T.R. 75(A)(2). Therefore, we find St. Joseph County is a county of preferred venue pursuant to T.R. 75(A)(2) and Allied's Complaint should be adjudicated in St. Joseph County regardless of the fact that Boone County is also a county of preferred venue; Allied filed in St. Joseph County first.

### CONCLUSION

Based on the foregoing, we find the trial court properly denied the Appellants' Motion to Dismiss or in the Alternative Transfer venue to Boone County as St. Joseph County is also a county of preferred venue pursuant to T.R. 75(A)(2).

Affirmed.

FRIEDLANDER, J., and SHARPNACK, J., concur.