**Heather SKEFFINGTON d/b/a Skeff's Landscaping, Appellant–Plaintiff,**

v.

**David BUSH d/b/a Great Oaks Nursery, Appellee–Defendant.**

**No. 45A05–0510–CV–577.**

Court of Appeals of Indiana.

May 5, 2006.

---

Lukas I. Cohen, James B. Meyer, Meyer & Wyatt, P.C., Gary, for Appellant.

Gene M. Jones, Matthew J. Hagenow, Newby, Lewis, Kaminski & Jones, LLP, LaPorte, for Appellee.

## OPINION

MAY, Judge.

Heather Skeffington d/b/a Skeff's Landscaping appeals the change of venue granted to David Bush d/b/a Great Oaks Nursery. She argues the trial court abused its discretion because the suit is related to land in Lake County. We reverse.

## FACTS AND PROCEDURAL HISTORY

The Gary Community School Corporation[1] contracted with Skeffington to install new surfaces on five football fields in Lake County. Skeffington subcontracted with Bush to hydro-seed the football fields.[2] When the grass did not grow as Bush had guaranteed, Skeffington subcontracted with two other firms to install sod on three of the football fields in order to meet her contractual obligations with the school corporation. Skeffington filed suit against Bush in Lake Superior Court, alleging breach of contract, breach of warranty and negligence in performance of the work. Bush filed an Ind. Trial Rule 12(B)(3) motion to transfer venue to Porter County, where he resides and his business is located. The trial court granted Bush's motion, concluding there was "no nexus between the suit and the Lake County land of the Gary Community School Corporation." (App. at 24.)

## DISCUSSION AND DECISION

■■ We will reverse a grant of a Trial Rule 12(B)(3) motion for improper venue only on an abuse of discretion. *Shelton v. Wick,* 715 N.E.2d 890, 893 (Ind.Ct.App. 1999), *trans. denied* 735 N.E.2d 219 (Ind. 2000). An abuse of discretion occurs when the trial court's decision is clearly against

---

1. The school corporation is not a party to this suit.

2. Hydro-seeding consists of "applying a slurry of water, wood fiber mulch, seed and fertilizer to ... provide an environment conducive to plant growth." Wyoming Natural Resources Conservation Service, *Hydroseeding and Hydromulching Fact Sheet,* http://www.wy.nrcs. usda.gov/technical/ ewpfactsheets/hydro seed.html (last visited March 29, 2006). Hydro-seeding is used as an alternative to sodding or seeding lawns and sports fields, and to control erosion on steep slopes and after forest fires.

the logic and effect of the facts and circumstances before the court, or where the trial court has misinterpreted the law. *Id.*

A case may be commenced in any court in any county in Indiana. T.R. 75(A). However, upon the filing of an appropriate motion, the trial court must transfer the case to the county selected by the party first filing such motion if: (1) the court where the action was initially filed is not a "preferred venue" as defined by T.R. 75(A), and (2) the county selected by the party filing the motion is a county of preferred venue. *Id.* If an action has been commenced in a county of preferred venue, no transfer should be granted. *Id.*

Trial Rule 75(A)(2) states preferred venue lies in:

> the county where the land or some part thereof is located or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper[.]

The drafting commission's intent when creating this subsection was "to broaden the class of local actions allowing suit to be brought in the county where the land is located." *Diesel Const. Co., Inc. v. Cotten,* 634 N.E.2d 1351, 1354 (Ind.Ct.App.1994).

A claim relates to the land under T.R. 75(A)(2) if there is a sufficient nexus between the land and the underlying action. *Id.* "The nexus test will be affected by such factors as, but not limited to,

whether the acts giving rise to liability occurred there, and whether examination of the site may be necessary to resolve the dispute." *Id.* In *Diesel Const. Co.,* we remanded, noting:

> If the trial court finds that Cotten's claims concern only a question of debt, the nexus to the land would be too remote to meet T.R. 75(A)(2). However, *if the breach of the contract is based upon the quality of work performed on the land, for example, such an issue would provide a sufficient nexus to the land to be "related to the land" for purposes of T.R. 75(A)(2).*

*Id.* (emphasis supplied).

Skeffington's claims are based on the quality of the work performed on the land, *i.e.,* the hydro-seeding by Bush. Although Skeffington seeks to recover monetary damages, her legal theory is based on the alleged poor quality of Bush's work. *See Trustees of Purdue Univ. v. Hagerman Const. Corp.,* 736 N.E.2d 819, 821 (Ind.Ct. App.2000) ("[A]lthough Purdue's claims involve Hagerman's asserted breach of contract, this legal theory is based on the alleged poor quality of Hagerman's work [in constructing a building on campus] insofar as such work affected land in Tippecanoe County."), *trans. denied* 753 N.E.2d 7 (Ind.2001). Skeffington alleged Bush had "guaranteed that the grass he sowed would sprout and grow" but that he "failed to properly hydro-seed the fields and the grass did not grow." (App. at 6.) Because the grass did not grow, Skeffington alleges she had to "strip the fields of the nonconforming vegetation," purchase sod, and have the sod installed on the football fields, all at her expense. (*Id.* at 6–7.)

We find a sufficient nexus between Skeffington's action and the football fields

Bush hydro-seeded for Skeffington's complaint to alleged claims related to land. *See Hagerman,* 736 N.E.2d at 821. Because the land is in Lake County, preferred venue lies there. *See* T.R. 75(A)(2). Accordingly, we hold that the trial court abused its discretion in transferring venue to Porter County. *See Hagerman,* 736 N.E.2d at 821.

Reversed.

FREIDLANDER, J., and CRONE, J., concur.