# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**JESSICA S. LACY**
Law Office of Jessica S. Lacy
Indianapolis, Indiana



FILED

Oct 31 2014, 9:57 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

MICHAEL DWAIN NEAL,⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀Appellant-Respondent,⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀vs.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀No.  49A02-1404-DR-225
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
AMANDA LEE AUSTIN,⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀Appellee-Petitioner.⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Robert R. Altice, Jr., Judge
The Honorable Kimberly Mattingly, Magistrate
Cause No. 49D05-0006-DR-830

**October 31, 2014**

**OPINION - FOR PUBLICATION**

**ROBB, Judge**

## Case Summary and Issues

Michael Dwain Neal ("Father") appeals the trial court's grant of Amanda Austin's ("Mother") petition for post-secondary education expenses on behalf of their adult child, A.N. Father raises two issues for our review: (1) as a matter of first impression, whether the trial court had authority under Indiana Code section 31-16-6-6 to issue an order for payment of educational support for a child who had reached the age of nineteen, where the parties' original child support order was issued in August of 2000 but the most recent order concerning child support was issued after June 30, 2012; and (2) whether the amount of post-secondary education support ordered by the trial court was an abuse of discretion. Concluding the trial court did not have authority to issue an order for educational support, we reverse.[1]

## Facts and Procedural History

Mother and Father divorced in August of 2000, and they share two children, K.N. and A.N. At the time of their divorce, the parties entered into a settlement agreement ("Settlement Agreement") approved by the trial court. That Settlement Agreement contained provisions imposing a duty on Father to pay child support in the amount of $200 per week. The Settlement Agreement did not mention post-secondary education expenses.

On July 17, 2012, the trial court approved an agreed order submitted by the parties (the "Agreed Order"). At that time, K.N. and A.N. were twenty and seventeen years old,

---

[1] Because the trial court's lack of authority to issue an educational support order is dispositive, we need not consider whether the substance of the order constituted an abuse of the trial court's discretion.

respectively. The Agreed Order recognized the emancipation by operation of law of K.N., who was then over the age of nineteen.[2] The Agreed Order also included a modification of custody of A.N. and a modification of Father's child support obligation, decreasing the amount owed to $75 per week.

A.N. turned nineteen years old on January 30, 2014, and thus, A.N. was emancipated by law on that date. On January 31, 2014, Father filed his Verified Petition for Emancipation and Immediate Termination of Child Support and Income Withholding. On February 28, 2014, Mother filed her Petition for Educational Expenses. Father filed a motion to dismiss Mother's petition, but the trial court denied Father's motion to dismiss.

On March 7, 2014, the trial court held a hearing on the parties' respective petitions. On March 14, 2014, the trial court issued an order requiring Father to be responsible for a portion of A.N.'s college education expenses. This appeal followed.

Discussion and Decision

I. Standard of Review

Initially, we note that no appellee's brief was filed on behalf of Mother or A.N. When an appellee does not file a brief in response, the court is not required to advance arguments on the appellee's behalf. Maurer v. Cobb-Maurer, 994 N.E.2d 753, 755 (Ind. Ct. App. 2013). In such a circumstance, we may ordinarily reverse if the appellant presents a case of prima facie error. Id. However, even where an appellee brief is not

---

[2] As will be discussed in greater detail below, Indiana law provides that the duty to pay child support, apart from support for educational needs, ceases when a child becomes nineteen years old. See Ind. Code § 31-16-6-6(a).

3

filed, questions of law are nonetheless reviewed de novo.  Svenstrup v. Svenstrup, 981 N.E.2d 138, 143 (Ind. Ct. App. 2012).

We review a trial court's decision to order the payment of post-secondary educational expenses for an abuse of discretion.  Hirsch v. Oliver, 970 N.E.2d 651, 662 (Ind. 2012).  An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances or when the trial court misinterprets the law.  Lovold v. Ellis, 988 N.E.2d 1144, 1150 (Ind. Ct. App. 2013).  Questions of statutory construction, which this case presents, are questions of law that are reviewed de novo.  Moryl v. Ransone, 4 N.E.3d 1133, 1137 (Ind. 2014).

## II.  Indiana Code section 31-16-6-6

This appeal concerns the interpretation of Indiana Code section 31-16-6-6, which governs the termination of child support and the emancipation of a child for the purposes of a parent's support obligation.  The purpose of the statute is to "require that parents provide protection and support for the welfare of their children until the children reach the specified age or no longer require such care and support."  Hirsch, 970 N.E.2d at 655 (citation omitted).

Prior to July 1, 2012, Indiana Code section 31-16-6-6 provided that a person's child support obligation, including the obligation to pay educational expenses, ceased when the child became twenty-one years of age, unless certain special conditions were met.  See Ind. Code § 31-16-6-6 (2011). Effective July 1, 2012, our legislature amended the statute:  that amendment lowered the presumptive age for the termination of child support from twenty-one to nineteen, but the amendment added that the terminated

4

support obligation "does not include support for educational needs."  Compare Ind. Code § 31-16-6-6 (2012) ("The duty to support a child under this chapter, which does not include support for educational needs, ceases when the child becomes nineteen (19) years of age . . . .") with Ind. Code § 31-16-6-6 (2011) ("The duty to support a child under this chapter ceases when the child becomes twenty-one (21) years of age . . . ."). And in May 2013, our legislature passed a second, retroactive amendment to the statute via Public Law 207–2013, section 45, adding subsections (c), (d), and (e), which added filing deadlines based on a child-petitioner's age.  The statute, in its current form, reads in relevant part:

> (a) The duty to support a child under this chapter, which does not include support for educational needs, ceases when the child becomes nineteen (19) years of age unless any of the following conditions occurs:
>> (1) The child is emancipated before becoming nineteen (19) years of age. In this case the child support, except for the educational needs outlined in section 2(a)(1) of this chapter, terminates at the time of emancipation, although an order for educational needs may continue in effect until further order of the court.
>> (2) The child is incapacitated. In this case the child support continues during the incapacity or until further order of the court.
>> (3) The child:
>>> (A) is at least eighteen (18) years of age;
>>> (B) has not attended a secondary school or postsecondary educational institution for the prior four (4) months and is not enrolled in a secondary school or postsecondary educational institution; and
>>> (C) is or is capable of supporting himself or herself through employment.
>
> ***
>
> (c) If a court has established a duty to support a child in a court order issued before July 1, 2012, the:
>> (1) parent or guardian of the child; or
>> (2) child;

5

may file a petition for educational needs until the child becomes twenty-one (21) years of age.

(d) If a court has established a duty to support a child in a court order issued after June 30, 2012, the:
      (1) parent or guardian of the child; or
      (2) child;
may file a petition for educational needs until the child becomes nineteen (19) years of age.

(e) If:
      (1) an order was issued after June 30, 2012, that denied support for educational needs to a child who was less than twenty-one (21) years of age at the time the petition for educational needs was filed; and
      (2) support for educational needs was denied based on the fact that the child was older than eighteen (18) years of age;
notwithstanding any other law, a parent or guardian of the child or the child may file with the court a subsequent petition for educational needs. The court shall consider the petition on the merits in accordance with this section and may not consider the absence of subsection (c) from law at the time of the initial filing.

Ind. Code § 31-16-6-6. According to Father's reading of the statute, subsection (d) precludes Mother or A.N. from seeking support for educational needs because A.N. already reached the age of nineteen and the Agreed Order was approved by the trial court after June 30, 2012. It would follow, then, that the trial court lacked statutory authority to issue an order for educational expenses with respect to A.N.

When considering the proper application of a statute, our primary goal in interpreting that statute is to determine and give effect to the legislature's intent. Adams v. State, 960 N.E.2d 793, 798 (Ind. 2012). Our first step is to determine whether the statute's text is clear and unambiguous on the point in question. Id. Where a statute is clear and unambiguous, we must apply the plain and ordinary meaning of the statute. Id.

6

Conversely, where an ambiguity exists, we must resort to the rules of statutory construction and endeavor to give effect to the legislature's intent. Id.

"[A] statute is ambiguous when it admits of more than one reasonable interpretation." Id. The statutory language before us is unquestionably ambiguous. The phrase "a court has established a duty to support a child in a court order issued before [or after] . . ." is subject to more than one reasonable interpretation. See Ind. Code § 31-16-6-6(c), (d). On one hand, the phrase referring to a court order that "established a duty to support a child" may refer to a trial court's original order creating a child support obligation. On the other hand, the language could be read to refer to the most recent order establishing a child support obligation, which also defines the duty to support. Our view is that our General Assembly intended the latter.

At the outset, we make two observations regarding Indiana Code section 31-16-6-6 that guide us in our interpretation. First, there is no common law duty for a parent to support his or her able-bodied adult child. Novak v. Chicago & Calumet Dist. Transit Co., 235 Ind. 489, 493, 135 N.E.2d 1, 3 (1956). Nor does Indiana impose a common law duty to provide a child with a college education. Haag v. Haag, 240 Ind. 291, 303-05, 163 N.E.2d 243, 248-49 (1959) (holding a father's duty to support his minor child did not include a duty to contribute to the cost of the minor child's college education). Thus, to the extent that Indiana Code section 31-16-6-6 imposes an obligation on parents to provide post-secondary educational support for an adult child, the statute is in derogation of the common law. A statute in derogation of the common law should be narrowly construed. Tittle v. Mahan, 582 N.E.2d 796, 800 (Ind. 1991),

7

abrogated on other grounds by Quackenbush v. Lackey, 622 N.E.2d 1284 (Ind. 1993).

Second, if one thing is certain regarding the 2012 amendment of this statute, it is that the primary purpose of the amendment was to reduce the age at which a parent's support obligation ceases—from twenty-one to nineteen. An interpretation of this statute that results in allowing more people to continue to file for educational support after the age of nineteen would stand in staunch contradiction to the overall purpose of ending support obligations when a child turns nineteen. These two considerations, alone, lead us to a narrow interpretation of the statute, whereby the relevant court order under subsections (c) and (d) is the most recent order dealing with child support.

Our conclusion is reinforced by our belief that the General Assembly's 2013 retroactive amendment—adding subsections (c), (d), and (e)—was enacted with the intent that unsuspecting children approaching the age of nineteen (or older) near the time of the 2012 amendment would not be denied the opportunity to request educational support. The language of subsection (e) supports this understanding. Subsection (e)'s explicit concern is with children whose petitions for educational expenses were denied—between the 2012 and 2013 amendments—on the basis that a child was over the age of eighteen, and it specifically references the corresponding addition of subsection (c) in its directive that trial courts reconsider those petitions on the merits. See Ind. Code § 31-16-6-6(e). This concern for unsuspecting children does not exist where, subsequent to the amendments, there has been participation in the court system and a new support order, because, presumably, the child and custodial parent are aware of the current law and the age at which a child is legally emancipated. Frankly, it would make little sense to allow

8

children with child support orders issued after June 30, 2012 to wait until the age of twenty-one to pursue a claim for educational support, as it would be contrary to the spirit of the 2012 amendment to Indiana Code section 31-16-6-6 and a gross deviation from the common law. Reading subsections (c) and (d) as referring to the most recent support order finds support in the language of the statute while also serving the purpose of distinguishing the class of persons that the 2013 amendment was intended to address.

In sum, we hold that Indiana Code section 31-16-6-6—and specifically subsections (c) and (d)—necessitates that where the most recent order establishing a child support obligation was issued after June 30, 2012, the child must file a petition for educational needs before the child becomes nineteen years of age. Mother and A.N. are not the sort of unsuspecting parties that we believe the General Assembly's 2013 amendments were focused on. Here, subsequent to the 2012 amendment, Mother participated in the court system and obtained a support order (i.e. the Agreed Order) that specifically referenced the updated statute's effect of establishing nineteen as the age of legal emancipation. Thus, Mother was aware of the statute's requirement that a petition for educational support must be filed before A.N. turned nineteen. The trial court issued a support order concerning A.N. after June 30, 2012, and A.N. did not file his petition for post-secondary educational expenses until after turning nineteen years old. Therefore, A.N.'s petition was not filed within the limitations of Indiana Code section 31-16-6-6 and the trial court lacked the authority to issue an order for educational expenses.

## Conclusion

We conclude the trial court did not have authority under Indiana Code section 31-16-6-6 to issue an order for educational support for a child who was at least nineteen years of age where the parties' most recent order concerning child support was issued after June 30, 2012. Therefore, we reverse.

Reversed.

BAKER, J., and KIRSCH, J., concur.