## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the purpose
of establishing the defense of res judicata, collateral
estoppel, or the law of the case.



FILED

Nov 30 2015, 6:02 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Joseph E. Morrison
Roselawn, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re Support of J.D.<br>T.F.,<br>*Appellant,*<br><br>v.<br><br>J.J.D.,<br>*Appellee* | November 30, 2015<br><br>Court of Appeals Case No.<br>37A03-1507-JP-906<br><br>Appeal from the Jasper Circuit Court<br><br>The Honorable John D. Potter, Judge<br><br>Trial Court Cause No.<br>37C01-1501-JP-8 |

**Bailey, Judge.**

# Case Summary

[1] In the context of a paternity case filed by the State to establish J.J.D.'s ("Father") child support obligation as to J.D. ("Child"), T.F. ("Mother") filed a petition to maintain custody of Child. The petition also sought an order for restricted therapeutic parenting time for Father, and requested that the trial court appoint a Guardian ad Litem ("GAL") for Child. The trial court ordered Mother and Father to complete certain parenting and domestic violence courses, granted Father limited parenting time, provided that Father would be entitled to additional parenting time after completing a domestic violence class, and denied Mother's request for the appointment of a GAL. Mother filed a motion to correct error, which the trial court denied.

[2] Mother now appeals. We affirm.

# Issue

[3] Mother presents a single issue for our review, which we restate as whether the trial court abused its discretion when it denied her petition requesting the appointment of a GAL for Child.

# Facts and Procedural History

[4] Child was born to Mother and Father, out of wedlock, on May 27, 2010. Mother and Father's relationship with one another was tempestuous. This was also true of Father's relationships with other family members, including

Mother's adult daughter ("Sister") and minor son from prior relationships, and Child's maternal grandmother ("Grandmother").

[5] Eventually, Father left the home, and Mother sought public assistance. As a result, the State of Indiana sought an order requiring Father to pay child support for Child; the State filed its petition in the Jasper Circuit Court on January 7, 2015.[1] Within that action, on January 12, 2015, Mother filed a Petition for Custody and Restricted Therapeutic Parenting Time. On January 20, 2015, Mother filed her Petition for Appointment of Guardian ad Litem.

[6] On March 5, 2015, a hearing was conducted on Mother's petitions. At the beginning of the hearing, Father and Mother stipulated to Father's paternity of Child. After this, the trial court heard testimony from Mother, Father, Grandmother, and Sister. Much of this testimony centered on the fractious relationship between Mother, Father, Grandmother, and Sister. However, testimony was also presented concerning Mother's and Sister's concerns for Child's wellbeing if Father were granted unsupervised parenting time. The testimony referenced to Father's prior history of substance use, his prior criminal history, his living situation, his viewing of pornography, and other family relationships.

---

[1] The State took no part in the portions of the proceedings Mother presently appeals, and filed a notice of non-involvement with this Court on October 20, 2015.

[7] On March 6, 2015, the trial court denied Mother's petition for appointment of a GAL, granted Father limited parenting time at Father's sister's home, ordered Father to complete domestic violence coursework, and ordered both Father and Mother to complete a parenting course. The court further stated that, upon Father's completion of the domestic violence coursework, Father would be afforded additional parenting time in conformance with Indiana's Parenting Time Guidelines.

[8] On March 12, 2015, the court conducted a hearing on the State's petition to establish child support, and entered a support order against Father.

[9] On March 25, 2015, Mother filed her motion to correct error, challenging the trial court's decisions as to custody, parenting time, and appointment of a GAL for Child. A hearing was conducted on May 27, 2015, where additional testimony was presented and Mother submitted for the court's review substantial amounts of social media correspondence. The trial court subsequently took the matter under advisement.

[10] On June 5, 2015, Mother, without assistance of counsel, sent a letter to the trial court in which she alleged that Father had perjured himself during the hearing.

[11] On June 12, 2015, the trial court denied Mother's motion to correct error.

[12] This appeal ensued.

# Discussion and Decision

[13] Here, Mother appeals from the trial court's order denying her motion to correct error, which challenged the court's order denying her petition for appointment of a GAL for child. Generally, we review trial court decisions concerning both motions to correct error and the appointment of a GAL for an abuse of discretion. *City of Indianapolis v. Hicks*, 932 N.E.2d 227, 230 (Ind. Ct. App. 2010), *trans. denied*; *In re Adoption of B.C.S.*, 793 N.E.2d 1054, 1060 (Ind. Ct. App. 2003). Here, Mother appeals, but Father has not filed a responsive brief. "When an appellee does not file a brief in response, the court is not required to advance arguments on the appellee's behalf." *Neal v. Austin*, 20 N.E.3d 573, 575 (Ind. Ct. App. 2014) (citations omitted). In the absence of an appellee's brief, "we may ordinarily reverse if the appellant presents a case of prima facie error. However, even when an appellee brief is not filed, questions of law are nonetheless reviewed de novo." *Id.* (citations omitted).

[14] "A juvenile court may, at any time, appoint a guardian ad litem or court appointed special advocate, or both" to represent a child's interests in family and juvenile court proceedings. Ind. Code § 31-32-3-1(a). The purpose of a GAL is to "represent and protect the best interests of the child," I.C. § 31-9-2-50(a)(1), and to "provide the child with services requested by the court, including: (A) researching; (B) examining; (C) advocating; (D) facilitating; and (E) monitoring; the child's situation." I.C. § 31-9-2-50(a)(2).

[15] While there are certain situations in which Indiana statutes require the appointment of a GAL on a child's behalf, *e.g.*, I.C. § 29-3-2-3 (requiring appointment of a GAL in certain guardianship proceedings), whether to

appoint a GAL is ordinarily a matter our statutes "leave to the juvenile court's discretion." *K.S. v. State*, 849 N.E.2d 538, 543 (Ind. 2006). In paternity cases, Indiana courts have tended to follow a policy

> recognizing the importance of protecting the child's interests where there exists a potential adversity of interests between the mother and child. A child's interests in a paternity determination include matters of money, familial bonds, cultural heritage, and medical history, and these interests may clash with the mother's interests in preserving her marriage or preventing the child's relationship with the presumptive father from being disturbed.

*Matter of Paternity of H.J.F.*, 634 N.E.2d 551, 555 (Ind. Ct. App. 1994), *abrogated on other grounds by K.S. v. R.S.*, 669 N.E.2d 399 (Ind. 1996). Where, as here, "the paternity action is … instituted primarily to obtain child support," the interests of the child are often "not adverse to the mother's interests," and a GAL may not be required. *Id.* Where a termination of parental rights is at stake, however, appointment of a GAL may be essential to protect the child's rights. *Id.*

[16] Here, Mother argues that the trial court erred in its refusal to appoint a GAL. Mother directs this Court to the contentious behavior of Mother and Father toward one another and toward other family members, including Grandmother and Sister, Father's admission of prior excessive alcohol use, Father's criminal history, and his alleged violation of a protective order as evidence that a GAL was necessary for Child. Mother goes on to assert in her brief that "no one present advocated on behalf of the best interest of [Child]," Br. at 27, and argues that a GAL could have investigated Father's living conditions and

continually monitored "the situation as things progressed." Br. at 29. Mother ultimately asserts that "neither Mother nor Father would ever truly advocate on behalf of their Minor Child" because "their interests conflict with the interests of [Child]." Br. at 29.

[17] Mother has failed to provide examples from the record that could establish that either she or Father failed to advocate on Child's behalf. *See* Ind. Appellate Rule 46(a)(8)(A) (requiring that arguments in appellate briefs "be supported by citations to the … parts of the Record on Appeal relied on.") Nevertheless, this Court notes from its review of the record that Mother testified that she was concerned that Father might be negligent in his care of Child due to his history of alcohol abuse and a limited criminal history; that she was concerned about the overall safety and quality of his living situation; that she suspected Father might have harmed Child on one occasion; that Father had viewed pornography on numerous occasions; and that she had begun seeking therapy for Child, whose developmental progress had improved significantly since beginning treatment. In addition, Mother presented testimony from Sister, who testified that she was concerned that Father would be negligent in caring for Child.

[18] Upon review, we find no basis upon which to conclude that the trial court erred in denying Mother's request for a GAL, because it is not clear on the face of the evidence presented that Child's interests were not adequately represented before the trial court. Mother has thus failed to carry her burden on appeal of establishing prima facie error. As Mother advances no other basis upon which

to challenge the trial court's order on her motion to correct error, we accordingly affirm the decision of the trial court.

[19]    Affirmed.

Vaidik, C.J. and Crone, J., concur.