FILED

Apr 13 2016, 10:29 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Scott A. Faultless
Craig Kelley & Faultless LLC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Christine Riesner Bond
McNeely Stephenson
Shelbyville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Michael Garrison and Janet Garrison, *Appellants-Plaintiffs,* <br><br> v. <br><br> Elesha Ford and United Farm Family Mutual Insurance Company, *Appellees-Defendants* | April 13, 2016 <br><br> Court of Appeals Case No. 49A05-1512-CT-02120 <br><br> Appeal from the Marion Superior Court <br><br> The Honorable Gary L. Miller, Judge <br><br> Trial Court Cause No. 49D03-1510-CT-033250 |

**Bailey, Judge.**

# Case Summary

[1] Michael and Janet Garrison ("the Garrisons") bring an interlocutory appeal as of right,[1] challenging a change of venue from Marion County to Johnson County of their complaint against Elesha Ford ("Ford") for personal injury and property damages and against United Farm Family Mutual Insurance Company ("Farm Bureau") in relation to underinsured motorist coverage. The Garrisons present the sole issue of whether their complaint, filed in the county where defendant Farm Bureau maintains its resident agent, was subject to a change of venue to another county of preferred venue. We reverse and remand.

# Facts and Procedural History

[2] On November 29, 2014, the Garrisons and Ford were involved in a motor vehicle collision which occurred in Johnson County. At that time, the Garrisons had underinsured motorist coverage pursuant to a policy with Farm Bureau. On September 30, 2015, the Garrisons filed in Marion County a complaint naming Ford and Farm Bureau as defendants. The complaint and summons were served upon Farm Bureau at the Marion County address of its registered agent.

---

[1] Indiana Trial Rule 75(E) provides in relevant part: "An order transferring or refusing to transfer a case under this rule shall be an interlocutory order appealable pursuant to Appellate Rule 14(A)(8)." Indiana Appellate Rule 14(A)(8) provides that "transferring or refusing to transfer a case under Trial Rule 75" is appealable as of right by filing a Notice of Appeal with the Clerk within thirty days after the notation of the interlocutory order in the Chronological Case Summary.

[3] Farm Bureau filed an Indiana Trial Rule 75(A) motion to transfer venue to Johnson County, alleging that Johnson County was a county of preferred venue because Ford was a Johnson County resident and the collision occurred in that county.[2] The Garrisons opposed the transfer on grounds that the action had been filed in a county of preferred venue, specifically, the county where Farm Bureau has its principal office.

[4] On November 9, 2015, the Marion County Superior Court granted the motion to transfer venue. This appeal ensued.

# Discussion and Decision

[5] Trial Rule 75 governs venue requirements in Indiana. Each of its ten subsections sets forth criteria establishing "preferred venue." *American Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973-74 (Ind. 2006). A case or complaint may be filed in any Indiana county; however, if the complaint is not filed in a preferred venue, the court is required to transfer the case to a preferred venue upon the proper request from a party. *Id.* at 974 (citing T.R. 75(A)). The rule does not create a priority among the subsections establishing preferred venue; thus, if the complaint is filed in a preferred venue, the trial court has no

---

[2] The motion included the averment that "Plaintiffs have filed this action in their county of residence, which can only be considered a preferred venue if the case is not subject to any of the requirements of Rule 7(A)(1)-(9) of [sic] if the defendants are nonresident individuals or organizations with principal places of business located outside of the state." (App. at 24-25.) Farm Bureau did not therein advise the trial court that it maintained a registered agent in Marion County.

authority to transfer the case based solely on preferred venue in one or more counties. *Id.*

[6] Subsection (4) of the rule establishes preferred venue in the county where the principal office of a defendant organization is located. *Id.* Accordingly, if a case is filed in the county where the principal office of a defendant organization is located, transfer to another county on grounds of preferred venue would be inappropriate. *Id.* The location where a corporation maintains a registered agent is its principal office. *See id.* at 972 (holding that "the term 'principal office' as used in subsections (4) and (10) of Trial Rule 75(A) refers to a domestic or foreign corporation's registered office in Indiana.")

[7] Factual findings linked to a ruling on a Rule 75(A) motion are reviewed under a clearly erroneous standard while rulings of law are reviewed de novo. *Id.* at 973. If factual determinations are based on a paper record, they are also reviewed de novo. *Id.*

[8] Here, there is no factual dispute as to whether Farm Bureau maintained its registered agent in Marion County. Farm Bureau simply insists that a special rule should apply to vehicular collisions, such that the preferred venue of the accident location would trump another preferred venue. *See T.R.* 75(A)(3).[3] According to Farm Bureau:

---

[3] Subsection (3) is a "motor-vehicle-specific rule" that gives preferred venue status to the location of motor vehicle accidents. *R & D Transport, Inc. v. A.H.*, 859 N.E.2d 332, 336 (Ind. 2006).

it is reasonable for an uninsured motorist carrier to expect a motor vehicle accident case to be venued in the county where the accident occurred because that is the location of the witnesses, location of police who investigated and where jury views are more easily arranged.

Appellant's Brief at 4 (citing *Meridian Mut. Ins. v. Harter*, 671 N.E.2d 861, 863 (Ind. 1996). In *Meridian*, the Court observed that insurers may become involved in litigation "wherever their insureds' vehicles take them" and acknowledged that it was "not unreasonable" for an underinsured motorist issue to go forward where the accident occurred." *Id.*

At the same time, however, the Court observed that there may be more than one county of preferred venue and definitively stated:

Only if the court in which the action is commenced is not in a county of preferred venue, may the case be transferred to a court of preferred venue meeting the criteria listed in T.R. 75(A)(1)-(9). If plaintiffs properly filed their complaint in a county of preferred venue, the trial court had no authority to transfer the case to a different county on preferred venue grounds.

*Id.* (internal citations omitted). *Cf. Salsbery Pork Producers, Inc. v. Booth*, 967 N.E.2d 1, 6 (Ind. Ct. App. 2012) (concluding that, where there is a single county of preferred venue after dismissal of one party, and the case was not filed there, it is subject to transfer).

We do not employ a separate rule for the sake of convenience, as Farm Bureau suggests. "The balance of convenience, even if it were an explicit factor, is not

sufficient to disturb the plaintiffs' selection of a forum that meets preferred venue requirements." *Meridian Mut. Ins.*, 671 N.E.2d at 864. We are obligated to follow precedents established by the Indiana Supreme Court. *Patton v. State*, 507 N.E.2d 624, 626 (Ind. Ct. App. 1987), *trans. denied*. We hold that the Marion County court had no authority to transfer the case to a different county.

## Conclusion

[11] Marion County, where the Garrisons filed their complaint, is a preferred venue. As such, the Marion County Superior Court erred in granting the motion for a change of venue.

[12] Reversed and remanded.

Bradford, J., and Altice, J., concur.