## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 26 2017, 10:58 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Donn H. Wray
Bamberger, Foreman, Oswald & Hahn, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Mario Garcia
Brattain Minnix Garcia
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bedrock Hardscapes and Landscaping, LLC, and Robert Lester, | April 26, 2017 |
| *Appellants-Defendants,* | Court of Appeals Case No. 41A01-1610-CT-2247 |
| v. | Interlocutory Appeal from the Johnson Superior Court |
| Shawn Lessor and Amy Lair, | The Honorable Kevin M. Barton, Judge |
| *Appellees-Plaintiffs* | Trial Court Cause No. 41D01-1606-CT-95 |

**Crone, Judge.**

# Case Summary

Shawn Lessor and Amy Lair (collectively "Appellees") filed a complaint against Bedrock Hardscapes and Landscaping, LLC, and Robert Lester (collectively "Appellants") for breach of contract and fraud and to pierce Bedrock's corporate veil based on the construction of allegedly faulty brick walls at Appellees' residence in Johnson County. Appellants filed a motion to transfer venue to Marion County, which the trial court denied. On appeal, Appellants argue that the trial court abused its discretion in denying their motion. Finding no abuse of discretion, we affirm.

# Facts and Procedural History[1]

Bedrock is a limited liability company with its principal place of business in Marion County. Lester is the alleged owner of Bedrock and resides in Marion County. In June 2015, Bedrock contracted with Appellees to install brick walls and columns at their Johnson County residence. According to Appellees' complaint, after part of the project was completed, a section of one wall collapsed and other sections began to lean because they "were built in an unsafe manner and not in a workmanlike fashion." Appellants' App. Vol. 2 at 6.

---

[1] Appellees' brief does not contain a statement of issues, a statement of the case, or a statement of facts, all of which are required by Indiana Appellate Rule 46(B) ("The appellee's brief shall conform to Section A of this Rule," which provides that an appellant's brief "shall contain" those sections). Indiana Appellate Rule 46(B)(1) provides that "[t]he appellee's brief may omit … the statement of issues, the statement of the case, and the statement of facts if the appellee agrees with the statements in the appellant's brief. If any of these statements is omitted, the brief shall state that the appellee agrees with the appellant's statements." Appellees' brief does not state that Appellees agree with Appellants' statements.

[3] In June 2016, Appellees filed a complaint against Appellants in Johnson Superior Court alleging breach of contract and fraud and seeking to pierce Bedrock's corporate veil, i.e., to hold Lester "personally liable for his and … Bedrock's actions." *Id*. at 8. Appellants filed a motion to transfer venue asserting that venue in Johnson County is improper under Indiana Trial Rule 75(A) because "both defendants are Marion County domiciliaries" and therefore venue should be transferred to Marion County. *Id*. at 12. Appellees filed an objection asserting that venue in Johnson County is proper because their "claims concern damage done to real property located in Johnson County[.]" *Id*. at 15. The trial court denied Appellants' motion. This interlocutory appeal followed.

## Discussion and Decision

[4] We review a trial court's ruling on a motion to transfer venue for an abuse of discretion. *Muneer v. Muneer*, 951 N.E.2d 241, 243 (Ind. Ct. App. 2011). "An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the trial court, or when the trial court has misinterpreted the law." *Id*. Our supreme court has explained,

> Trial Rule 75 governs venue requirements in Indiana. It contains ten subsections, each setting forth criteria establishing "preferred" venue. A case or complaint may be filed in any county in Indiana, but if the complaint is not filed in a preferred venue, the court is required to transfer the case to a preferred venue upon the proper request from a party. T.R. 75(A). The rule does not create a priority among the subsections establishing preferred venue. If the complaint is filed in a county of preferred venue,

then the trial court has no authority to transfer the case based solely on preferred venue in one or more other counties.

*Am. Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973-74 (Ind. 2006) (citations omitted).

[5]     Trial Rule 75(A) reads in pertinent part as follows:

Any case may be venued, commenced and decided in any court in any county, except, that upon the filing of a pleading or a motion to dismiss allowed by Rule 12(B)(3), the court, from allegations of the complaint or after hearing evidence thereon or considering affidavits or documentary evidence filed with the motion or in opposition to it, shall order the case transferred to a county or court selected by the party first properly filing such motion or pleading if the court determines that the county or court where the action was filed does not meet preferred venue requirements or is not authorized to decide the case and that the court or county selected has preferred venue and is authorized to decide the case. Preferred venue lies in:

(1) the county where the greater percentage of individual defendants included in the complaint resides, or, if there is no such greater percentage, the place where any individual defendant so named resides; or

(2) the county where the land or some part thereof is located or the chattels or some part thereof are regularly located or kept, if the complaint includes a claim for injuries thereto or relating to such land or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper; or

…

(10) the county where either one or more individual plaintiffs reside, the principal office of any plaintiff organization or governmental organization is located, or the office of any such plaintiff organization or governmental organization to which the claim relates or out of which the claim arose is located, if the case is not subject to the requirements of subsections (1) through (9) of this subdivision or if all the defendants are nonresident individuals or nonresident organizations without a principal office in the state.

[6] In their objection to Appellants' motion to transfer venue, Appellees argued that Johnson County is a preferred venue under Trial Rule 75(A)(2) because their complaint includes a claim for injuries relating to their land, which is located in Johnson County. The trial court agreed with this argument, which finds support in this Court's jurisprudence. *See, e.g.*, *Diesel Constr. Co. v. Cotten*, 634 N.E.2d 1351, 1354 (Ind. Ct. App. 1994) ("The proper test for the trial court to apply to determine whether a claim relates to the land under T.R. 75(A)(2) is whether a sufficient nexus exists between the land and the underlying action.… [T]he nexus test will be affected by such factors as, but not limited to, whether the acts giving rise to liability occurred there, and whether examination of the site may be necessary to resolve the dispute.… Cotten seeks to recover money for work performed upon the land in Fountain County [i.e., the construction of an asphalt parking lot].… If the trial court finds that Cotten's claims concern only a question of debt, the nexus to the land would be too remote to meet T.R. 75(A)(2). However, if the breach of the contract is based upon the quality of work performed on the land, for example, such an issue would provide a

sufficient nexus to the land to be 'related to the land' for purposes of T.R. 75(A)(2).'").

[7]     Appellants, however, assert that *Diesel Construction* and subsequent cases[2] have been superseded by our supreme court's decision in *R & D Transport, Inc. v. A.H.*, 859 N.E.2d 332 (Ind. 2006). According to Appellants, *R & D Transport* holds that Trial Rule 75(A)(2) grants preferred venue to the county where the land is located only for actions in rem.[3] Thus, Appellants argue, because Appellees' action for breach of contract, fraud, and piercing the corporate veil is not an action in rem, Trial Rule 75(A)(2) is inapplicable and preferred venue lies in Marion County under Trial Rule 75(A)(1).

[8]     We disagree. *R & D Transport* dealt specifically with injuries to chattels[4] (personal property allegedly destroyed in an automobile accident), not injuries relating to land, and therefore its holding does not apply to *Diesel Construction* and its progeny or this case.[5] Therefore, we find no abuse of discretion in the trial court's denial of Appellants' motion to correct venue.

---

[2] *E.g.*, *Skeffington v. Bush*, 846 N.E.2d 761 (Ind. Ct. App. 2006), and *Trs. of Purdue Univ. v. Hagerman Constr. Corp.*, 736 N.E.2d 819 (Ind. Ct. App. 2000), *trans. denied* (2001), which are cited in the trial court's order.

[3] Actions in rem are those that "'[i]nvolve or determin[e] the status of a thing, and therefore the rights of persons generally with respect to that thing.'" *R & D Transport*, 859 N.E.2d at 335 (quoting BLACK'S LAW DICTIONARY 809 (8th ed. 2004)) (alterations in *R & D Transport*).

[4] "'Chattel' is a venerable legal term defined as '[m]ovable or transferable property; personal property; esp[ecially], a physical object capable of manual delivery and not the subject matter of real property.'" *R & D Transport*, 859 N.E.2d at 333 n.1 (quoting BLACK'S LAW DICTIONARY 251 (8th ed. 2004)) (alterations in *R & D Transport*).

[5] The *R & D Transport* majority's analysis contains much historical background regarding Trial Rule 75(A)(2), but the essential holding is this: "damage caused to chattels in an automobile accident is subsumed by T.R. 75(A)(3), not authorized under T.R. 75(A)(2) as a way for a plaintiff to be able to sue in the plaintiff's county

Affirmed.

Riley, J., and Altice, J., concur.

of residence." 859 N.E.2d at 337; *see* Ind. Trial Rule 75(A)(3) (stating that preferred venue lies in "the county where the accident or collision occurred, if the complaint includes a claim for injuries relating to the operation of a motor vehicle"). The majority observed that Trial Rule 75(A)(2) retained its predecessor's "focus on *in rem* actions[,]" *R & D Transport*, 859 N.E.2d at 335, but nowhere did it specifically state that the current rule is limited to such actions. Indeed, the dissent noted that, "[b]y its express language, [Trial Rule 75(A)(2)] is not restricted to *in rem* actions ...." *Id*. at 337 (Dickson, J., dissenting).

Court of Appeals of Indiana | Memorandum Decision 41A01-1610-CT-2247 | April 26, 2017          Page 7 of 7