## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 28 2019, 9:26 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jeffrey A. Boggess
Greencastle, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Regal Homes & Restoration, LLC, and Scott Williams, *Appellants-Plaintiffs,* <br><br> v. <br><br> Richard Swenke, *Appellee-Defendant.* | June 28, 2019 <br><br> Court of Appeals Case No. 18A-PL-1067 <br><br> Appeal from the Hendricks Superior Court <br><br> The Honorable Rhett M. Stuard, Judge <br><br> Trial Court Cause No. 32D02-1801-PL-3 |

**Robb, Judge.**

# Case Summary and Issue

[1] In 2017, Regal Homes & Restoration, LLC ("Regal Homes") and Richard Swenke entered into a contract in which Regal Homes agreed to repair fire damage on Swenke's property located in Hendricks County. In 2018, Swenke filed a complaint in Hendricks County for declaratory judgment against Regal Homes alleging breach of contract. Regal Homes filed a motion to change venue to Putnam County, alleging Hendricks County was not a county of preferred venue. Swenke filed an objection and argued that Hendricks County was a preferred venue under Trial Rule 75(A)(2). The trial denied the motion and Regal Homes filed a motion to correct error, which the trial court also denied. Regal Homes appeals, presenting one issue for our review, which we restate as whether the trial court abused its discretion by denying Regal Homes' motion for change of venue because Hendricks County was not a county of preferred venue under Trial Rule 75(A)(2). Concluding the trial court did not abuse its discretion because Hendricks County is a preferred venue, we affirm.

# Facts and Procedural History

[2] Swenke owns property in Danville, Hendricks County, Indiana. Regal Homes is a Tennessee limited liability company originally formed in January 2016 and registered as a foreign limited liability company with the Indiana Secretary of State. Regal Homes' principal place of business is located in Putnam County, Indiana. Scott Williams is Regal Homes' registered agent, whose address is also in Putnam County, Indiana.

[3]     On March 27, 2017, Swenke and Regal Homes entered into a contract in which Regal Homes agreed to "[r]epair and/or replace all damages from fire damage[.]" Appendix of Appellant at 16. The contract stated, in part:

> 1. Purchaser acknowledges that Regal Homes & Restoration may be subject to delays due to inclement weather and material shortages which are beyond the control of Regal [Homes]. Purchaser hereby accepts any delays due to one or all of these circumstances in the construction process. Purchaser further agrees to pay to Regal Homes & Restoration an amount equal to 20% of the total insurance estimate or Regal Homes & Restoration's bid if not provided, should Purchaser cancel the contract for any reason after the 24 hour deadline.

*Id.*

[4]     In August 2017, Swenke received his first distribution from the insurance company and contacted Regal Homes "to sign the check over to Regal Home[s] for the future work" it was going to perform. *Id.* at 10-11. However, Regal Homes did not return Swenke's calls. Months later, on December 4, 2017, Swenke received a letter from Regal Homes indicating he owed $42,114.20 and offering a $12,000 discount if he paid the amount by December 15.

[5]     On January 5, 2018, Swenke filed his Verified Complaint for Declaratory Judgment in Hendricks County against Regal Homes and Williams alleging Regal Homes breached the contract. Specifically, he alleged that Regal Homes failed to perform the terms of the contract and, as a result, he was forced to obtain a new builder; Regal Homes failed to pay the subcontractor who did the demolition on the property; Regal Homes was shut down by Hendricks County

for failing to obtain proper permits; there was no inclement weather that would have delayed Regal Homes' work; no shortage of material was communicated to him "nor was the project even at a point of requiring material when Regal Home[s] stopped all communication"; and the contract failed to comply with the Indiana Home Improvement Act. *Id*. at 10. Swenke requested that the trial court enter a declaratory judgment that "due to Regal Homes['] failure to perform under the terms of the March 27, 2017 Document, [he] does not have any obligations to Regal Homes." *Id*. at 11.

[6] Regal Homes and Williams filed a Motion for Change of Venue on March 13, 2018, arguing that the "preferred venue," pursuant to Trial Rule 75(A)(1), is Putnam County, the county where the greater percentage of the individual defendants reside. Swenke filed an objection and response to the motion, acknowledging that Putnam County *is* a preferred venue under the rule but arguing that Hendricks County is *also* a preferred venue pursuant to Trial Rule 75(A)(2) because the land in question is located in Hendricks County. And because the matter was initially filed in a preferred venue, Swenke argued the trial court lacked authority to transfer the case. The trial court denied the motion for change of venue on April 3, 2018. Regal Homes and Williams subsequently filed a Motion to Correct Error arguing Putnam County is the preferred venue because Swenke's complaint relates only to a debt, which is an insufficient nexus to the land under 75(A)(2). The trial court denied the motion and later dismissed Williams as a party. Regal Homes now appeals.

# Discussion and Decision

## I. Standard of Review

[7] We begin by acknowledging that no appellee's brief was filed on behalf of Swenke. When an appellee does not file a brief, this court is not required to advance arguments on the appellee's behalf. *Neal v. Austin*, 20 N.E.3d 573, 575 (Ind. Ct. App. 2014). We may reverse if the appellant presents a case of prima facie error; however, even when an appellee does not file a brief, questions of law are nonetheless reviewed de novo. *Id*.

[8] A trial court's ruling on a motion to transfer venue is reviewed for an abuse of discretion, which occurs if the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or it misinterprets the law. *Am. Family Ins. Co. v. Ford Motor Co.*, 857 N.E.2d 971, 973 (Ind. 2006). A trial court's factual findings linked to a motion under Trial Rule 75 are reviewed for clear error, and its rulings of law are reviewed de novo. *Bagsby v. Snedeker*, 93 N.E.3d 1127, 1129 (Ind. Ct. App. 2018), *trans. denied*. "If factual determinations are based on a paper record, they are also reviewed de novo." *Am. Family Ins. Co.*, 857 N.E.2d at 973.

## II. Motion for Change of Venue

[9] Trial Rule 75 governs venue requirements in Indiana. Pursuant to Trial Rule 75(A), any case may be filed in any county in Indiana, but each of its ten subsections set forth criteria establishing a preferred venue. *Garrison v. Ford*, 53 N.E.3d 454, 455 (Ind. Ct. App. 2016). If a matter is not filed in a preferred

venue, the trial court must transfer the case to a preferred venue upon proper request from a party. *Id.* However, there is no priority among Rule 75(A)'s subsections. *Belcher v. Kroczek*, 13 N.E.3d 448, 451 (Ind. Ct. App. 2014). There may be multiple preferred venues in a given case, and a motion to transfer venue cannot be granted when an action has been filed in a preferred venue. *Id.*

[10] At the trial court, the parties disputed whether Hendricks County was a preferred venue. Swenke contended it was, pursuant to subsection (2), which states that preferred venue lies in:

> the county *where the land or some part thereof is located* or the chattels or some part thereof are regularly located or kept, *if the complaint includes a claim for injuries thereto or relating to such land* or such chattels, including without limitation claims for recovery of possession or for injuries, to establish use or control, to quiet title or determine any interest, to avoid or set aside conveyances, to foreclose liens, to partition and to assert any matters for which in rem relief is or would be proper[.]

T.R. 75(A)(2) (emphasis added). The 1970 Civil Code Study Commission's intent when creating this subsection was "to broaden the class of local actions allowing suit to be brought in the county where the land is located." *Diesel Constr. Co., Inc. v. Cotten*, 634 N.E.2d 1351, 1354 (Ind. Ct. App. 1994) (quotation omitted). Thus, when a complaint alleges a *claim related to land*, the county where the land is located is a preferred venue. *Id.*

[11] We employ a "nexus test" to determine whether a claim relates to the land within the meaning of Trial Rule 75(A)(2): a claim relates to the land if there is

a sufficient nexus between the land and the underlying action. *Id*. This nexus test is affected "by such factors as, but not limited to, whether the acts giving rise to liability occurred there, and whether examination of the site may be necessary to resolve the dispute." *Id*. In *Diesel Constr. Co.*, a panel of this court reversed and remanded the trial court's denial of a motion to transfer venue and explained:

> If the trial court finds that [the plaintiff's] claims concern only a question of debt, the nexus to the land would be too remote to meet T.R. 75(A)(2). However, if the breach of the contract is based upon the quality of work performed on the land, for example, such an issue would provide a sufficient nexus to the land to be "related to the land" for purposes of T.R. 75(A)(2).

*Id*.; *see also Bayless Specialties v. Affordable Housing, Inc.*, 637 N.E.2d 840, 841 (Ind. Ct. App. 1994) (holding that preferred venue was in the county where defendant's principal place of business was located because plaintiffs' complaints were entitled "complaint on account stated" and alleged that defendant "failed and refused and continues to refuse to pay for . . . services and is thereby indebted . . ." to plaintiffs rendering them "merely requests for the repayment of debts"), *trans. denied*.

[12] In *Skeffington v. Bush*, 846 N.E.2d 761, 763-64 (Ind. Ct. App. 2006), a panel of this court concluded that preferred venue was where land was located, finding that, even if a plaintiff seeks to recover monetary damages, if the underlying legal theory is based on the quality of work performed on the land, a sufficient nexus exists between the action and land to be "related to land." There, the

plaintiff filed a lawsuit alleging breach of contract, breach of warranty, and negligence in performance of the work in a contract to hydro-seed football fields. *Id.* at 762. In determining whether a nexus existed between the action and the land under Trial Rule 75(A)(2), this court concluded the plaintiff's claims were based on the *quality* of work performed on the land in question:

> Although [the plaintiff] seeks to recover monetary damages, her legal theory is based on the alleged poor quality of [the defendant's] work. . . . [Plaintiff] alleged [defendant] had "guaranteed that the grass he sowed would sprout and grow" but that he "failed to properly hydro-seed the fields and the grass did not grow. Because the grass did not grow, [plaintiff] alleges she had to "strip the fields of the nonconforming vegetation," purchase sod, and have the sod installed on the football fields, all at her expense.
>
> We find a sufficient nexus between [plaintiff's] action and the football fields [defendant] hydro-seeded for [plaintiff's] complaint to allege[] claims *related to land* [under Trial Rule 75(A)(2)].

*Id.* at 763-64 (emphasis added) (internal citations omitted). Thus, the county where the football fields were located was a preferred venue.

[13] In *Trustees of Purdue Univ. v. Hagerman Constr. Corp.*, 736 N.E.2d 819 (Ind. Ct. App. 2000), *trans. denied*, Purdue entered into agreements with several contractors to construct a building on their campus in Tippecanoe County and subsequently filed a declaratory relief action in Tippecanoe County against the contractors, including Hagerman. Hagerman objected to venue and moved to change venue, and the trial court granted the motion and transferred the case to

Allen County. A panel of this court held that a sufficient nexus existed between the land in Tippecanoe County where the contractor was to perform work and Purdue's action for three reasons: (1) the resolution of whether the contractor breached its contractual duty of coordinating and scheduling may require an evaluation of the parties' business relationships, which was centered around the project where the land was located; (2) the contractor's "work" was coordinating and scheduling which affected the land where the project was located and Purdue's legal theory was based on the contractor's alleged poor quality of work that affected the land; and (3) Purdue persuasively argued that Tippecanoe County was the more convenient venue because potential witnesses were located in or near Tippecanoe County. Thus, a panel of this court agreed that there was a sufficient nexus between Purdue's claim and the land making Tippecanoe County a preferred venue.

[14] On appeal, Regal Homes argues that Swenke's complaint only concerns a question of debt and is therefore too remote to relate to the land under Trial Rule 75(A)(2). We disagree. Here, Swenke's complaint alleged: Regal Homes failed to perform the terms of the contract; Regal Homes failed to pay a subcontractor who completed the demolition on the property; "Regal Homes' work at the Danville property was shut down" by the county due to its failure to obtain proper permits; after obtaining the proper permits, Regal Homes "provided no further work" on the property which forced Swenke to hire another builder; Regal Homes would not communicate with Swenke after this; and the contract failed to comply with the Indiana Home Improvement Act.

App. of Appellant at 9. Swenke sought a declaratory judgment "stating [that] due to Regal Homes['] failure to perform under the terms of the March 27, 2017 Document, [he] does not have any obligations to Regal Homes." *Id*. at 11.

[15] Although Swenke ultimately seeks a declaratory judgment that he is *not indebted* to Regal Homes and there are some issues set forth in the complaint that do not relate to the land in question, at least one issue set forth in the complaint relates to the land. Specifically, Swenke alleges that Regal Homes performed some work on the property but later abandoned the work. Thus, the trial court must determine whether Swenke is indebted to Regal Homes – an inquiry that hinges on evaluating work Regal Homes *performed on the land* in Hendricks County pursuant to the contract. We conclude that there is a sufficient nexus between the land and Swenke's claim. Therefore, Hendricks County is a county of preferred venue and the trial court did not abuse its discretion by denying Regal Homes' motion to transfer venue.

# Conclusion

[16] In sum, we conclude Swenke's action does relate to the land located in Hendricks County and that Hendricks County is a preferred venue under Trial Rule 75(A)(2). Therefore, the trial court did not abuse its discretion by denying Regal Homes' motion to transfer venue to Putnam County. The order of the trial court is affirmed.

[17] Affirmed.

Baker, J., and Najam, J., concur.